## LAIN vs. SHEPARDSON and others.

*Pleading and proof in ejectment.— Quitclaim from the holder of a void tax-deed : Effect on his legal title under subsequent deed for same taxes.— Reversal of judgment for admission of immaterial evidence.— Limitation of actions on tax titles.*

1. Where the complaint in ejectment merely alleges plaintiff's ownership and right of possession, without setting forth specifically his title, defendant, under a mere denial, may prove any thing tending to defeat the title which plaintiff attempts to establish at the trial.
2. The fact that defendant, by reason of a former trial, has become acquainted with the title relied on by plaintiff, and by an amended answer has in fact set up *some* specific objections to it, will not prevent his sustaining his general denial by proof of other objections.
3. Where, after the former trial, plaintiff (who claimed under a tax deed) quitclaimed a part of the land to a third party, and subsequently on an appeal his deed was adjudged void for defects on its face, and he took ·out a new deed on his certificate, his *legal* title to the whole land was not affected by the quitclaim ; and the record thereof and of such former trial were inadmissible in evidence for the defendant at the second trial.
4. A judgment for defendant is reversed for the admission of such immaterial evidence, on the ground that it *might* have prejudiced the jury.
5. In a case to which chapter 112, Laws of 1867, does not apply, the right of action on a tax title is *not* limited to *six* years after the sale, irrespective of the time when the deed was recorded.
6. Whether the equitable interest in land created by a tax certificate did not expire after *ten* years (under the general provisions of law in force prior to 1867), and whether the right of action could be continued beyond that time by taking out and recording a tax deed, are questions not here decided.
7. Whether a verdict was against the evidence, cannot be considered by this court where the bill of exceptions does not state that it contains *all* the evidence.

APPEAL from the Circuit Court for *Racine* County.

Ejectment. The complaint merely avers, that plaintiff is owner in fee, and as such entitled to possession of the premises, and that defendant unlawfully withholds the possession thereof. The answer of *Shepardson* contains : 1. A general denial. 2.

An averment that said defendant is sole owner of the premises, and has been since 1839, and the other defendants are his tenants; that plaintiff has heretofore instituted an action against him in the same court to recover possession of the same premises, and annexed to his complaint a copy of a certain tax deed (describing it) as the foundation of his title, and that a demurrer to said complaint as not stating a cause of action was sustained, and the judgment of the circuit court affirmed on appeal to the supreme court (18 Wis. 59); and that the wrong complained of in that action is the same alleged in the complaint herein. 3. An averment that this is a suit "for a recovery of land sold for taxes, in cases where taxes have not been paid, nor the land redeemed as provided by law," and that the action was not commenced within three years from the recording of the tax deed. 4. That the premises were sold April 13, 1852, for taxes of 1851, and the certificate of sale stated that they were subject to redemption within three years; that said defendant did redeem in 1854, and received from the purchaser a quitclaim deed. 5. That the premises were sold in 1856 for taxes of 1855, but that the tax deeds issued on such sale were void for certain specified irregularities in the proceedings. 6. That the grantee in the deed issued in 1859 upon said last mentioned sale, did not bring his action to recover possession within three years from the recording of said deed, nor had he paid the taxes on the premises for the five years next after the date of the deed; and that defendant had been in the actual and continued possession of the land during the whole time. 7. That plaintiff also claims under a second deed for the sale of 1856, issued in June, 1862, in lieu of that of 1859; that in January, 1862, defendant tendered to plaintiff the amount for which the premises were sold in 1856, with costs, charges, etc., which plaintiff refused to receive, and that defendant has ever since been and still is ready to pay, etc. 8. That said defendant, in December, 1862, tendered to the clerk of the board of

supervisors of said county the amount of said taxes for 1856, with charges, etc., and demanded a receipt therefor, which was refused.

On the trial, plaintiff claimed under a sale of the lands in 1856 for taxes of 1855, and a deed issued to him upon such sale in June, 1862, in lieu of a prior deed executed in April, 1859. It appeared from plaintiff's testimony, on cross-examination, that before taking the second deed, he sold and conveyed to one Davis one-half of the premises; and also that before the second deed was issued, *Shepardson* was in actual possession of the premises by a tenant. Defendant objected to the deed as evidence, on the ground, among others, that the clerk had no power to execute a second deed, at least after the expiration of three years from the date of the first; but the objection was overruled. The defendant was allowed, against plaintiff's objection, to put in evidence the deed from plaintiff to Davis. Evidence of irregularities in the sale of 1856, as alleged in the answer, was ruled out; but defendant introduced evidence tending to show that he had *paid* the taxes of 1855, and had lost the receipt therefor, and plaintiff's objection to the evidence as incompetent under the answer was overruled. The plaintiff introduced rebutting evidence upon that point. The defendant was also allowed, against objection, to read in evidence the record of a former suit by the plaintiff against him, commenced February 8, 1862, to recover one-half of the premises described in the complaint herein, under the tax deed of April, 1859, which suit was brought by appeal to this court (18 Wis. 59), and was pending and undetermined in June, 1862, and for more than a year afterward. The court instructed the jury, *inter alia*, that it was unnecessary for the defendant to allege specifically in his answer the payment of the tax, and that his failure to do so should have no weight in determining whether such payment was in fact made.*

---

* It is impossible from the printed case to determine what other instructions were given, if any.— REP.

Lain vs. Shepardson and others.

Verdict for the defendant. Motion for a new trial, on the ground that the verdict was not justified by the evidence, and for erroneous rulings and instructions of the court. Motion denied; and judgment for defendant; from which plaintff appealed.

*Levi Hubbell*, for the appellant, argued that the evidence shows clearly that defendant did not pay the taxes of 1855 to any person authorized to receive the same. 2. Proof of such payment should not have been admitted, because there was no allegation of payment in the answer. R. S. ch. 125, § 10; *Fry v. Bennett*, 5 Sandf. 54; 16 N. Y. 303; 9 Barb. 371; 5 Duer, 389. 3. The deed of *Lain* to Davis was improperly admitted in evidence. *State v. Winn*, 19 Wis. 304–307. 4. The record of the former suit was also improperly admitted. It was totally irrelevant, and calculated to prejudice the jury. 6 Hill, 296, and cases cited in note (*b*); 19 Wend. 234; 24 id. 425. 5. The court erred in its instruction, that defendant's failure to *plead* payment was not to be considered in determining whether such payment had been made.

*Peter Yates*, for the respondent, contended that the judgment could not be set aside by this court on the ground that the verdict was not sustained by the evidence, because the bill of exceptions did not declare that it contained all the evidence. 2. That a tax deed should not be held valid unless recorded within six years from the sale. 3. That the plaintiff could not recover, because the redemption money had been tendered to him before his record deed was issued, and also tendered to the clerk of the board of supervisors within a year after said deed was recorded. R. S. 1849, ch. 15, § 102; Laws of 1852, ch. 503, § 3; 17 Vt. 479; 3 Cow. 89; 1 Mis. 147; 2 Har. & J. 167; 1 Peters, 64; 2 id. 622; Laws of 1855, ch. 15, § 1; 16 Wis. 494, 605, 606.

PAINE, J. We cannot consider the question whether the verdict was against the evidence, which was argued and relied

on by the counsel for the appellant, for the reason that there is no statement in the bill of exceptions that it contains all the evidence.

Neither was there any error in admitting evidence of the payment of the tax, on the sale for which the plaintiff's title was based, without having pleaded such payment in the answer. The complaint in an action to recover real estate is general. It does not set forth the plaintiff's title, but simply alleges ownership and a right to the possession. Under this he is allowed to show any title that he can. And from the necessity of the case, the defendant, under a mere denial, must be allowed to prove any thing tending to defeat the title which the plaintiff attempts to establish. He cannot be bound to allege specific objections to a title which the complaint does not disclose, and which he may have no knowledge of until it is revealed by the evidence on the trial. The fact that in this case, by reason of a former trial, the defendant had acquired knowledge of the title relied on by the plaintiff, and had, by an amended answer, set forth specifically some objections to it, can make no difference in the rule. The rule must be general, and the same in all cases.

But there was error committed on the trial in allowing immaterial evidence to go before the jury. The evidence consisted of the record of the former suit between these parties in regard to the same land, and the deed from plaintiff to Davis of a portion of the premises. The latter was a quitclaim deed. The only title the plaintiff had at that time was under his first tax deed, which was afterward held void by this court for a defect on its face. It has also been decided by this court, that a party owning a tax certificate on which he has taken out such a defective deed, has a right to a new deed, and this, although he has given a quitclaim deed of the premises. *State v. Winn*, 19 Wis. 304. It follows, therefore, that if Davis acquired any rights in this land or in the certificate by virtue of his quit-

claim deed, those rights could only be of an equitable nature, and they would not prevent the plaintiff from acquiring the complete legal title under the new deed which he subsequently took out, and on which he relies in this suit. The evidence of the deed to Davis, and the record of the former suit, were wholly immaterial. They had no bearing whatever upon the question whether the plaintiff had title under his last deed. A judgment will not necessarily be reversed because immaterial evidence has been introduced. It must be not only immaterial, but of such a character as to make it probable that it might prejudice the jury. This was of such a character. Juries do not ordinarily look with great favor upon tax titles. And it is impossible to say that the minds of an ordinary jury would not be prejudiced against the plaintiff, by proof that he was seeking to recover the whole land, after he had conveyed away a part of it, and that he had already brought one suit for the same land on a deed for the same tax sale, which had been declared void. This evidence being, therefore, immaterial, and of such a character that it might naturally prejudice the jury against the plaintiff's claim, the judgment ought to be reversed.

There is, perhaps, another question that ought to be passed on. That is, the claim by the respondent's counsel that the action is barred. It is not claimed that there is any statute which in terms reaches the case and establishes a limitation. But counsel seeks to derive from general principles the same limitation which the legislature has since enacted in chap. 112, Laws of 1867. He claims that the party entitled to a tax deed ought not to be allowed to extend his remedy indefinitely, by delaying to take out his deed, and then insisting on a right of action upon it at any time within three years after he saw fit to record it. There may be great force in this view. But it will hardly warrant the counsel's conclusion that the party would be barred at the end of six years from the sale. On the contrary, a

position formerly taken by other counsel in the argument of a case before this court seems more reasonable and in harmony with the statute.   That was, that the right of a party, under a tax certificate, to a deed, gave him an equitable interest in the land, and that after the expiration of ten years from the time when he was entitled to his deed, he would be barred by the ten years' limitation upon equitable causes of action, if he neglected to take out his deed and bring his action within that time.   It was urged that he could not use the privilege given by the other provision, to bring an action at any time within three years after recording his deed, to extend his remedy indefinitely beyond the limitation established by the general statutes; and that that provision should be construed as evidently designed only to establish a still shorter limitation where the deed was taken out and recorded before the general statutes would create a bar, but not at all to prevent them from being applicable, if the party delayed long enough to bring his case within their terms.   There seemed to us great force in this reasoning; but we did not have occasion to decide the question, and of course we shall not decide it now.   We shall only decide that there was no bar prior to the expiration of the ten years from the time when the plaintiff was entitled to his deed, which had not elapsed when this action was brought.   And as it was brought within three years after recording his second deed, there is no statute creating any bar, and the court cannot create one without a statute.

*By the Court.* — The judgment is reversed, with costs, and the cause remanded for a new trial.