MAULDIN ET AL., appellants, *v.* BALL, respondent.

PLEADING — *Specific denial — New matter — Insufficiency of complaint.*

Whatever facts are alleged in the answer that might have been proved under a specific denial of the allegations of the complaint, should be regarded as specific denial only, and require no replication. The issue is complete.

Whatever averments of the answer amount to an admission of the allegations of the complaint, and tend to establish some fact not inconsistent with such allegations, constituting a defense or counterclaim, and which could not have been proved under a specific denial, are new matter and require a replication.

Whatever allegations are sufficient in a complaint, in an action to recover legal title, are sufficient in an action seeking only equitable relief dependent on the legal title.

*Appeal from First District, Beaver Head County.*

H. N. BLAKE, for appellant.

J. E. CALLAWAY, for respondent.

WADE, C. J. This is an appeal from a judgment on the pleadings in favor of defendant.

The complaint alleges that ever since the 8th day of December, 1877, the plaintiffs have been and now are the owners in fee, and entitled to the possession, of the Rittenhouse quartz lode, situate in the Montana mining district, Beaver Head county, which is described by metes and bounds, corners and distances, containing

fourteen acres and ninety-hundredths of an acre of land, more or less, and embracing fifteen hundred linear feet of the Rittenhouse lode, to wit, eight hundred and sixty-three feet southerly, and six hundred and thirty-seven feet northerly, from discovery shaft of said lode; that on or about the 1st day of June, 1882, the defendant wrongfully and unlawfully entered upon said Rittenhouse lode, and ever since said date has been and now is removing and extracting therefrom, by means of shafts, tunnels, slopes and levels, quartz and ore-bearing silver, lead and other valuable minerals, and threatens to so continue removing and extracting quartz and ore therefrom.

The defendant, answering, denies that the plaintiffs, or either of them, own, or ever at any time owned, in fee or otherwise, or are or ever were entitled to the possession of any part or portion of the west two hundred feet in width by fifteen hundred feet in length of said ground described in plaintiffs' complaint, and disclaims any title or interest in any other part or portion of the ground described in the complaint; and avers that all the work by the defendant done on, and all ore taken out and hauled away or left on, the ground, was taken from said portion of ground described in the answer, and denies that he has ever at any time mined or hauled away any quartz or ore whatever from any portion of said premises, other than from that portion thereof so described in the answer as the west two hundred feet in width by fifteen hundred feet in length of the ground described in the complaint. As to the ground last described, he sets up the statute of limitations, and avers an estoppel *in pais.*

The plaintiffs in their replication admit the title of the defendant to eight hundred and fifty-six feet of ground in length on the west side of said claim, describing the same by metes and bounds, and specifically deny all allegations of the answer as to adverse possession, and as to

an estoppel whereby the defendant claims an interest in any other portion of the ground and mining claim as bounded and described in the complaint.

On these pleadings the defendant moved the court to render a judgment in his favor for the reason that the replication did not deny the ownership of the ground claimed in the defendant's answer, and did not deny that all ore taken from said premises came from said ground claimed by the defendant in his answer. The court granted the motion and the defendant appeals.

1. Under the issues formed by these pleadings, was it necessary for the plaintiffs in their replication to deny the ownership of the ground claimed by the defendant in his answer, or to deny that all the ore taken from said premises came from the ground claimed by the defendant?

This question will be answered by determining whether the answer contained new matter requiring a replication, or whether its averments amounted simply to a denial of the allegations of the complaint.

Our Code of Civil Procedure provides, sec. 87, that "the answer of the defendant shall contain — *First*, a specific denial of the allegations of the complaint controverted by the defendant; *second*, a statement of any new matter constituting a defense or counterclaim."

The complaint must contain allegations sufficient to make out the plaintiff's case; the specific denial of the defendant puts these allegations in issue and calls upon the plaintiff for proof, and any fact that the plaintiff is required to prove to maintain his action, the defendant may give evidence to disprove under his specific denial.

In *Bond* v. *Corbitt*, 2 Minn. 248, it was held that anything which tends to directly controvert the allegations in the complaint may be shown under the general denial.

In *Wood* v. *Ostrand*, 29 Ind. 177–186, Frazer, C. J., says: "Whatever may have been the rule formerly, it seems to us that, under our Code of Civil Procedure, the

matter is made very clear. A denial admits proof of no affirmative defense, as the general issue did. It merely puts the plaintiff upon the proof of his averments, and authorizes the defendant, by his evidence, to controvert their truth. He can offer no evidence that proceeds upon the ground that the complaint is true, but that there are other facts that preclude the plaintiff's recovery notwithstanding."

Says the supreme court of Missouri (*Northrup* v. *Miss. Valley Ins. Co.* 47 Mo. 435, per Wagner, J.): "It is clear, both upon principle and authority, that, under a general or specific denial of any fact which the plaintiff is required to prove to maintain the action, the defendant may give evidence to disprove it."

The supreme court of New York, in *Evans* v. *Williams*, 60 Barb. 346, says: "A general denial now, like the general issue under the former practice, puts in issue the existence, at any time, of the cause of action alleged in the complaint, and admits of evidence tending to establish such defense." See *Weaver* v. *Barden*, 49 N. Y. 286; *Greenfield* v. *Mass. Mut. Life Ins. Co.* 47 N. Y. 430; *Wheeler* v. *Billings*, 38 N. Y. 263.

The supreme court of California, in *Brown* v. *Orr*, 29 Cal. 120, says: "The question is, whether the general denial presents any issue of fact. In *Frisch* v. *Caler*, 21 Cal. 71, this question was fully considered. The statute then in force required no replication to new matter in the answer. The answer averred that the note in suit had been paid by the defendant; and it was contended that that averment was admitted because of the failure on the part of the plaintiff to file a replication denying it. But the court held that it was not new matter; that the failure to pay the note constituted the breach, and must be alleged; and that the allegation in the answer — that it had been paid — was only a traverse of the allegation in the complaint that it had not been paid."

Says Pomeroy (Rem. and Rem. Rights, sec. 666), after reviewing the cases: "The office of the general denial, like that of the old traverses, is twofold; it forces the plaintiff to prove all the material allegations of fact contained in his complaint or petition, and constituting his cause of action, by sufficient evidence, at least, to make a *prima facie* case; it also permits the defendant to offer any and all legal evidence which controverts those averments and contradicts the plaintiff's proofs." See *Goddard* v. *Fulton*, 21 Cal. 430; *Woodcomb* v. *Knowlton*, 22 Cal. 164; *Marshall* v. *Shafter*, 32 Cal. 176, 190; *Doyle* v. *Franklin*, 40 Cal. 106; *Lain* v. *Shepherdson*, 23 Wis. 224; *Bledsoe* v. *Simms*, 53 Mo. 305; *Gillespie* v. *Jones*, 47 Cal. 259.

2. The defense of new matter contains no denials. It admits that the allegations of the complaint are true, and sets up new facts to modify or defeat them. Says Pomeroy (Rem. and Rem. Rights, sec. 687): "A defense of new matter, on the other hand, does not deny any facts. It assumes the averments of the complaint or petition to be true; and, under the ancient system, a plea of confession and avoidance must give color to those averments, or it would be fatally defective. The "giving color" was simply the absence of any denials, and the express or silent admission that the declaration, as far as it went, told the truth." The same author, sec. 691, says: "The overwhelming weight of judicial opinion has, with almost complete unanimity, agreed upon the principle which distinguishes denials from new matter, and determines the office and function of each. The general denial puts in issue all the material averments of the complaint or petition, and permits the defendant to prove any and all facts which tend to negative those averments or some one or all of them. Whatever fact, if proved, would not thus tend to contradict some allegation of the plaintiff's first pleading, but would tend to

establish some circumstance, transaction or conclusion of fact, not inconsistent with the truth of all these allegations, is new matter."

And so it may be said generally, that the defense of new matter, necessarily, either expressly or by implication, admits the averments of the complaint, and alleges facts that destroy their effect or defeat them. If what is alleged amounts to a denial, it is not new matter; nor is it new matter if the facts alleged might have been proven under a denial. If that which is alleged amounts to a denial, or might be proved under a denial, no replication is required, but the defense of new matter must be denied, or it is admitted.

It is therefore of vital importance to determine clearly what amounts to a denial, and what to new matter. And the rule for ascertaining this may be stated thus: "Whatever facts are alleged in the answer, that might have been proved under a specific denial of the allegations of the complaint, may be considered as and are equivalent to a specific denial of such allegations, and require no replication; for such an answer forms an issue, and whatever averments of the answer amount to an admission of the allegations of the complaint, and tend to establish some circumstance or fact not inconsistent with all such allegations, constituting a defense or counterclaim, and which could not be proved under a specific denial, are new matter and require a replication.

Applying now this rule to the case in hand, the motion for a judgment in favor of the defendant, on the pleadings, was granted for the reason that the replication did not deny the ownership of the ground claimed in the defendant's answer, and did not deny that all the ore taken from said premises came from the ground claimed by the defendant in his answer.

If the plaintiffs, by failing to deny, admitted that the defendant owned the ground claimed in his answer, and that all ore taken from the premises by defendant came

from that ground, then the defendant was entitled to a judgment.

If, however, the complaint and answer formed an issue as to the ownership of, or any part thereof, and the ore taken therefrom, then such issue ought to have been tried.

The complaint alleges that the plaintiffs are the owners of the ground described in the complaint, and that the defendant is removing and extracting ore therefrom. It was necessary for the plaintiffs to establish their ownership, and that the defendant was so removing and extracting ore. This the defendant might have controverted under a specific denial, by proving just what he has alleged in his answer, viz., that the plaintiffs did not own the west one thousand five hundred feet in length by two hundred feet in width of the ground described in the complaint, and that the ore extracted and taken by him came from the ground that did not belong to plaintiffs, and that he owned. And so the averments of the complaint and answer as to taking the ore, and where it came from, amount to this: The plaintiffs charge that the ore was taken and extracted from ground owned by them, and this the defendant denies by alleging that he owns the ground from whence the ore was extracted and taken. No completeness or distinctness would have been added to this issue if the plaintiffs had repeated in their replication what they had averred in their complaint, and alleged again that this ore was taken from the ground owned by them, by denying that it was taken from ground owned by the defendant.

The admission in the replication, that the defendant owns the west eight hundred and fifty-six feet of the ground described in the complaint, does not in any manner affect this issue. The allegations of the complaint still remain, notwithstanding this admission, that the ore was taken from ground owned by the plaintiffs, which allegations are denied in the answer. These allegations formed an issue for trial.

3. The respondent, in his argument, attacks the complaint for insufficiency. The complaint alleges that the plaintiffs are the owners in fee and entitled to the possession of the ground therein described, and that the defendants wrongfully and unlawfully entered upon and are extracting ore therefrom. In the case of *McCauly* v. *Gilmer*, 2 Mont. 204, which was an action in the nature of ejectment, we held, following *Payne* v. *Treadwell*, 16 Cal. 220, that "The only facts which are necessary to be alleged in a complaint of this character are, that the plaintiff is seized in fee, or for life or years, as the case may be; that the defendant was in the possession at the time of the commencement of the action, and that he withholds the possession of the same."

If such a complaint is sufficient in an action involving the legal title alone, it must also be sufficient in an action where equitable relief is sought, depending entirely upon the legal title.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*