## NORTHERN PAC. R. CO. v. McCORMICK.

### (Circuit Court, D. Montana. April 3, 1893.)

EJECTMENT—ANSWER—DENIALS—DEMURRER.

In an action of ejectment, where the answer contains a specific denial of the allegations of the complaint seriatim, sufficient to 'put in issue all the allegations showing title in plaintiff, this, under the Montana practice, will authorize defendant to show any facts tending to prove that plaintiff has no title; and therefore the fact that defendant also sets forth new matter for the purpose of showing title in himself does not render the answer bad on demurrer, even if these averments are insufficient.

At Law. Ejectment by the Northern Pacific Railroad Company against John McCormick. Demurrer to answer overruled.

Cullen, Sanders & Chelton and F. M. Dudley, for plaintiff.
Toole & Wallace and W. M. Bickford, for defendant.

KNOWLES, District Judge. This is an action to recover from the defendant the possession of a certain tract of land. Sufficient facts are set forth in the complaint to show that plaintiff received from the United States a grant of twenty-odd sections of public land, not mineral, on each side of the line of its railroad as definitely fixed through the state of Montana, when the same should not be sold, granted, reserved, or otherwise appropriated, and free from pre-emption or other claims or rights, at the time of the said definitely fixing of said line. In the complaint it is alleged as follows:

"That the general route of said railroad extending through the territory of Montana was duly fixed February 21, 1872, and that the following described land, to wit, south half of northwest quarter, and north half of southwest quarter, of section 21, township 13 north, of range 18 west, P. M. Montana, was on and within forty miles of the general route of said railroad, so fixed as aforesaid, and that said land was on said February 21, 1872, public land, to which the United States had full title, not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights. That thereafter, to wit, on July 6, 1882, plaintiff definitely fixed the line of its said railroad extending opposite to and past said south half of northwest quarter and west half of southwest quarter of said section 21, township 13 north, of range 18 west, P. M. Montana, and filed a plat thereof in the office of the commissioner of the general land office. That said land is on and within forty miles of the said line of railroad so definitely fixed as aforesaid. * * * That said land was on said day public land, to which the United States had full title, not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights. That by reason of the foregoing facts said plaintiff became on July 6, 1882, the owner and seised in fee simple of said land, and said land then became, and has ever since remained, and now is, the property of the plaintiff, to which the plaintiff is entitled without let or hindrance from said defendant. That the United States has neglected, failed, and refused to issue to said plaintiff a patent for said land, and that heretofore, to wit, May 1, 1889, the said plaintiff being possessed of the said premises, the said defendant did wrongfully and unlawfully, without consent and against the will of the plaintiff, entered thereon, and ousted plaintiff therefrom."

To those allegations, in his answer, the defendant made the following denials, to wit:

"First. That the land mentioned and described in said complaint * * * was on the 21st day of February, or at any date subsequent thereto, public

land, to which the United States had full title. That the land was not reserved, sold, granted, or otherwise appropriated, and that the same was free from pre-emption or other claims or rights. That the land mentioned in said complaint was on the 6th day of July, 1882, public land of the United States, to which the United States had full title. That by reason of the facts alleged in plaintiff's complaint, or any other facts, the plaintiff became on the 6th day of July, 1882, or at any other time, the owner, or seised in fee simple or otherwise, of the land described in said complaint; and also denies that said land then or at any other time became, or that the same has ever since remained, or that it now is, the property of the plaintiff, or that the plaintiff is entitled, either without let or otherwise, to have said land, or any part or parcel thereof. That on May 18, 1889, or at any time, the plaintiff was possessed of said land, or any part or parcel thereof."

It does appear to me that these denials in the answer of defendant do put in issue the allegations of the complaint showing title in plaintiff. When such is the case, the defendant can prove any facts which will tend to show that plaintiff has no title to the land in dispute. In the case of Marshal v. Shafter, 32 Cal. 177, the court said:

"It is proper at this point, however, to say that it is settled beyond controversy in this state that the defendant may, under the general denial, give in evidence title in himself, and it follows that the allegation of such title in the answer does not constitute new matter."

This doctrine was fully supported in the case of Bruck v. Tucker, 42 Cal. 346. It was there held that when the question of title is raised by general issue the setting up of title by defendant in himself in the answer amounts to nothing. The practice pertaining to an issue of title raised by a general denial was applied to such an issue raised by a specific denial under the code of practice prevailing in Montana, by the supreme court of the territory, in the cases of Meyendorf v. Frohner, 3 Mont. 282, 323, 324, and Mauldin v. Ball, 5 Mont. 96, 1 Pac. Rep. 409. In this last case the question was fully considered, and there can be no doubt that this is the practice in this state upon this question at this time. The practice of the state courts must control that of this court in actions at law such as this.

The defendant set forth facts as new matter showing title in himself. Plaintiff demurred to the answer, and contends that the defendant is bound by these allegations, presented to show title in himself. Plaintiff has cited several cases to support his position that the defendant is bound by this new matter, and the court can consider them and determine therefrom which party is entitled to recover. In my opinion the cases are not in point. They refer to cases where the complaint states the particular title under which plaintiff claimed, and the sources of the same. In them it was held that plaintiff was confined to the title as alleged. It is a familiar maxim in ejectment that the plaintiff must recover on the strength of his own title, and not upon the weakness of that of the defendant. Where the plaintiff's title is denied it might turn out that the defendant would have no title, and yet the plaintiff not entitled to recover, owing to some defect in his own. I do not think it necessary to express any views upon the force and bearing of the facts set up as new matter in the answer, as, with my view

of the practice under the denials in the answer, the defendant would not be confined to the same, but could prove other or additional facts which would have a tendency to show that plaintiff has no title. For these reasons the demurrer is overruled.