WILLIAM WHEELER, APPELLANT, *v.* EDWIN A. BILL-
INGS, RESPONDENT.

*Assignment of Patent— Consideration expressed not conclusive.*

The consideration expressed in the conveyance of an interest in a patent right by the Plaintiff to the Defendant, is not conclusive upon the parties. Either party is at liberty to show the true consideration.

A general exception to the report of the Referee, " and to each and every part thereof, both as to findings of fact and conclusions of law," is too general to be made available on appeal.

ACTION to recover fifteen hundred dollars, alleged to be due to Plaintiff as the balance of the purchase price agreed to be paid by Defendant for one quarter's interest in Euyre's patent for improvements in stone-dressing machines.

The answer admitted the purchase, but alleged that the price was one thousand dollars, and alleged payment of the latter sum.

The issues were tried before a Referee, who found the sale of the interest in the patent, and the conveyance thereof by the Plaintiff to the Defendant, for the consideration expressed in the transfer of two thousand five hundred dollars, one thousand of which was paid and secured at the time of the sale, and that, by agreement of the parties, the remaining fifteen hundred dollars was made payable, upon the condition that the Plaintiff should give to the Defendant such improvements as he then had suggested, and might from time to time suggest, in getting up and perfecting a machine under the said Euyre's patent; and that afterward, and without any just cause, the Plaintiff refused to allow the Defendant to use the improvements that he had theretofore made, or to give to the Defendant the aid of such suggestions as he might have done toward perfecting such machine, from which facts the Referee deduced the legal conclusion that the Plaintiff was not entitled to recover, and ordered judgment for the Defendant, with costs.

The Plaintiff filed the following exception to the report of the Referee : "The above Plaintiff excepts to the report of the Referee in the above action, and to each and every part thereof, both as to its findings of fact and conclusions of law." Exceptions were taken to the rulings of the Referee by the Plaintiff, upon the admissibility of evidence which are discussed in the opinion. After affirmance of the judgment entered upon the report by the General Term, the Plaintiff appealed to this Court.

*Wm. A. Beach* for Appellant.

*M. I. Townsend* for Respondent.

GROVER, J.—The consideration expressed in the conveyance of the interest in the patent by the Plaintiff to the Defendant was not conclusive upon the parties. Either party was at liberty to show the true consideration of the transfer. (Adams *v.* Hull, 2 Denio, 306, and cases cited.) It follows that the Defendant was at liberty to show that he was not to pay twenty-five hundred dollars for the interest in the patent only, but was to have, in addition thereto for that sum, the right to use the improvements already invented by the Plaintiff, and the right to further suggestions of the Plaintiff in perfecting the machine. The objection of the Plaintiff to the evidence, upon the ground that it contradicted the writing, was properly overruled.

It must be borne in mind that the Defendant did not execute the writing ; that it was a mere conveyance of the interest in the patent by the Plaintiff to the Defendant, reciting the consideration. The evidence was also objected to as inadmissible under the answer. This objection was not well taken. The allegation in the complaint in substance was, that the Defendant promised to pay the Plaintiff twenty-five hundred dollars in consideration of the transfer of his interest in the patent. This was denied by the answer.

Under this denial the Defendant had the right to prove anything that would show the allegation untrue. The proof offered did so show. It proved that, for the twenty-five hundred dollars, the Defendant was to have not only the interest in the patent,

but also the improvements of the Plaintiff and his further aid in perfecting the machine; and that the Plaintiff was not entitled to the twenty-five hundred dollars upon conveying his interest in the patent merely, but was to perform other acts in addition thereto, for that sum. The evidence was, therefore, admissible under the denial of the Plaintiff's allegation.

The Defendant having admitted sales of the right to use the patent to an amount sufficient to entitle the Plaintiff to recover the fifteen hundred dollars, provided he was entitled to such recovery, upon the other facts of the case, it was immaterial what he received upon the sale of any particular writing. It was not error, therefore, to exclude such evidence.

The Defendant did not rely upon the fact that the Plaintiff had procured a patent for his improvements to the machine, to show the breach by the Plaintiff of his contract to permit the Defendant to use such improvements. His refusal was proved by other evidence. The consent of the Defendant to the obtaining of such patent was therefore immaterial.

The real question in the case is, whether the Referee was correct in finding that the agreement of the Defendant to pay the Plaintiff the further sum of fifteen hundred dollars was conditional upon the Plaintiff giving to the Defendant for his use, his improvements of the machine, and his further aid in perfecting it. This question has been very ably argued by the counsel for the Appellant. But the exception to the report is too general, according to the settled rule, to authorize this Court to review this or any other question arising upon the report. (Newell *v.* Doty, 33 N. Y. 83.)

The judgment appealed from must be affirmed, with costs.

Judgment affirmed.

<div style="text-align: right">

JOEL TIFFANY,<br>
State Reporter.