Grover, J.
 

 I think the action originally was properly brought by the plaintiff in her representative capacity against .the insurance company. By the policy, the defendant undertook to pay to the assured, his executors and administrators, the sum of $3,000, ninety days after due notice and proof of the •death of the assured, during the continuance and before the termination of the policy, $2,000 of said sum insured being for the express benefit of Jane, the wife, and $1,000 for Agnes, the mother of the assured. This was a contract made by the .assured for the benefit of his wife and mother. The undertaking of the company, in effect, was to pay to the personal
 
 *435
 
 representatives of the assured the sum specified in the policy for the benefit of his wife and mother. This constituted such representatives the trustees of an express trust within the meaning of section 113 of the Code, by virtue of which they were authorized to prosecute an action for the benefit of the wife and mother. That section provides that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted ; a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. The order for making the mother and children of the deceased wife and the plaintiff in her individual capacity defendants, was made by the court upon motion of the insurance company, and they having been made such, pursuant to such order, the company is precluded from objecting that they were not properly joined with it as defendants. The judge before whom the cause was tried, received the testimony of the witness Tackier, subject to objection, but in determining the ease rejected it as inadmissable under the pleadings, to which the counsel for the company excepted. This presents the important question in the case, as this testimony, if true, proved that under the statute of Massachusetts by which the company was incorporated, the policy expired in July 1867, before the death of the assured, which occurred in December thereafter. The counsel for the respondent endeavored to sustain this ruling upon the ground that this action was not based upon the policy, but upon an amount stated. This must be determined from the complaint and testimony given upon the trial. The former after stating the incorporation of the company, and the facts showing its right to transact business in this State, alleges the issuing of the policy by the company to the assured, and the terms thereof, from which it appears that the company on the 13th of March, 1865, in consideration of the sum 'of 8123.90 paid, and of a like sum to be paid on the 13th of March, in each year thereafter, during the life of the assured,
 
 *436
 
 conditionally, etc. The complaint does not state that any premium was paid to the company, after March 13, 1865, but proceeds to set out section 122 of the Massachusetts statute, passed April 10, 1861. The complaint admits the non-payment of the premiums as required by the policy, and avers that notwithstanding such default, there became due under said policy, in pursuance of the said provisions of the said act of 1861, the sum of $2,660.96, payable in ninety days after the said notice and proof of the death of the assured as aforesaid. The complaint further avers that John Greenfield, the assured, died December 9, 1867, and that on the sixth- day of March, 1868, the plaintiff, gave the defendant, the insurance company, notice and proof of the death of the assured, and that the company at that time, and at divers other times, waived any farther or other notice of claims or proof of death, and promised to pay the sum of $2,660.96, on said policy. The company, by its answer, denied each and every allegation of the complaint, not thereinafter expressly admitted or denied. The answer admitted the incorporation of the company, the making of the contract of insurance, and some other matters, but did not admit that there was anything due upon the policy under the provisions of the aforesaid statute of Massachusetts. The allegation of the complaint, in this respect, was therefore denied by the answer. It devolved upon the plaintiff to prove it, if its truth was essential to a recovery. That it was so essential, is manifest for the reason that, upon the face of the complaint, it appears that in the absence of the statute the policy lapsed for non-payment of premium in March, 1867, nine months before the death of the assured. That it terminated at that time and ceased longer to impose any obligation upon the company, or promise to pay the amount made after the death, which occurred in December, 1867, would be without any consideration, and therefore void. The continuance of the policy in life, by virtue of the statute, was not only set out in the complaint as the basis of the right of recovery, but, in fact, was essential to such right, .as without it there could be no pretence that the company,
 
 *437
 
 at the time of the death of the assured, had any contract of assurance whatever upon his life. The plaintiff was, therefore, bound to prove this fact. It is clear, upon both principle and authority, that under a general or specific denial of any fact, which the plaintiff is required to prove to maintain the action, the defendant may give evidence to disprove it. (
 
 Wheeler
 
 v. Billings, 38 N. Y., 263.) If an answer containing a denial of the allegations of the complaint, except as thereinafter stated, is rendered indefinite, uncertain or complicated, the remedy is by motion to make the answer more definite, and not the exclusion of evidence upon the trial. To show the materiality of the testimony of Fackler, which was rejected, a brief examination of the statute in question is necessary. Section one provides in substance, that no life policy thereafter issued by any company, chartered by that commonwealth, shall be forfeited by non-payment of premium, any further than regards the right of the party insured to have it continued in force, beyond a certain period to he determined as follows: The net value of the policy, when the premium becomes due and is not paid, shall be ascertained according to the combined experience or actuaries’ rate of mor tality, with interest at four per cent per annum. After deducting from such net value any indebtedness to the company by the assured, or notes held against the assured, which notes, if given for premium, shall be then canceled, four-fifths of the remainder shall be considered as a net single premium of temporary insurance. And the time for which it will insure shall be determined according to the age of the party at the time of the lapse, and the assumptions of mortality and interest aforesaid. Section 2 provides that, if the death of the party occur within the term of temporary insurance covered by the value of the policy as determined by the previous section, the company shall be bound to pay the amount of the policy, the same as if there had been no lapse of premium. The question was, whether the temporary policy was in life at the time of the death of the assured. The plaintiff showed,
 
 prima
 
 facie, that it was, by proving that the com
 
 *438
 
 pany, with knowledge of the time of the death, had promised to pay. Fackler’s testimony showed that he was an experienced actuary. That he had computed the net value of the policy in March, 1867, at the time it would have lapsed for non-payment of premium but for the statute, and made deductions therefrom, which accord with the statute, and that the temporary policy created by the statute expired as early as July 1st, 1867. This, if correct, was a complete answer to the presumption that it continued in life until December 13, 1867, the time of death, founded upon the promise of the company to pay, made thereafter. This testimony proved that the temporary or time policy created by the statute had expired months previous to the death, and showed that, in fact, the plaintiff had no right of recovery. We have seen that the cause of action set out in the complaint was founded upon the temporary policy created by the statute. That the answer was sufficient to entitle the company to prove that that policy had terminated by lapse of time prior to the death of the assured. This being so, the plaintiff had no right, upon the trial, to substitute for the cause of action set out in the complaint one founded upon an amount stated, and base a recovery upon the latter cause, thereby excluding evidence of a defence, for the reason that the answer did not set up, affirmatively, some error or fraud in the statement of the amount. That the plaintiff relied upon any such ground for a recovery, the complaint should have been amended, setting up such a cause of action, and this would have entitled the defendant to amend his answer setting up his defence. This renders it unnecessary to examine whether the testimony proved an amount stated. I think it did not, for various reasons, but as that is immaterial, the question will not be further considered or passed upon. The evidence of Fackler, which was improperly rejected, if true, showed that the plaintiff had no cause of action. For the error of the court in rejecting his testimony, the judgment must be reversed and a new trial ordered. This renders it unnecessary to determine the question whether the proof
 
 *439
 
 of death and claim made by the plaintiff] upon the temporary policy created by the statute, was sufficient, within the requirements of the second section of the statute, in those respects; but as the question may become material upon the retrial, in case the plaintiff shall be able to show that the policy was in life at the time of the death, it will he proper to determine it. Upon this assumption, the plaintiff had a valid claim upon the policy by complying with its conditions, as to proof of death, and presenting the claim to the company. The company had the right to waive any of these conditions. Proof of death was duly made. The objection is the neglect to present a claim founded on this policy. The company had a right to waive this formality. The promise by the company to pay, with full knowledge of the fact, was a waiver, and obviated the objection within all the authorities. The judgment appealed from must be reversed and a new trial ordered, costs to abide event.
 

 All concur.
 

 Judgment reversed.