## BURLEY, Receiver, v. GERMAN-AMERICAN BANK.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
            SOUTHERN DISTRICT OF NEW YORK.

Argued March 28th, 1884.—Decided April 7th, 1884.

*Evidence—New York Code—Pleading—Res Gestæ.*

In New York, under § 500 of the Code of Civil Procedure, an answer which
    makes certain statements, and then denies every allegation of the com-
    plaint, "except as hereinafter stated or admitted," amounts to a sufficient
    general denial of all allegations of the complaint not admitted, to authorize
    evidence to be given to show any of such allegations to be untrue.

An objection that such denial is indefinite or uncertain must be taken by a
    motion made, before trial, to make the answer definite and certain, by
    amendment, and cannot be availed of by excluding evidence at the trial.

If it is intended to raise, on a writ of error, the point that a cross-examination
    was not responsive to anything elicited on the direct, an objection must
    have been taken on that ground at the trial.

Entries in the books of one party to a transaction, not contemporaneous, or
    made in the due course of the business, as a part of the *res gestæ*, but made
    after the rights of the other party had become fixed, are not competent
    evidence.

Where the issue was as to whether A or B owned a note, and A, having testi-
    fied that he owned it, afterwards testified that B owned it, and gave as a
    reason that he had never directed the proceeds of the note to be applied to
    any purpose, it is competent to prove by C that A gave directions to C as
    to how to apply such proceeds.

This was a suit brought in a court of the State of New York,
in June, 1877, and removed by the defendant into the Circuit
Court of the United States for the Southern District of New
York, after answer. The plaintiff is the receiver of the Cook
County National Bank, of Chicago, Illinois, and the defendant
is a corporation of New York. The complaint alleged that, on
the 20th February, 1875, the defendant held three promissory
notes, maturing on that day, for $10,000 each, made by the
Charter Oak Life Insurance Company, as collateral security
for a loan of $25,000; that the notes were paid to the defend-
ant at maturity, and there was a surplus, beyond what was
due to it on the loan, of $5,000; that the notes were at the
time the property of the plaintiff, as receiver; that the defend-
ant received notice of such ownership prior to the payment;

and that the plaintiff is entitled to a judgment for such surplus, with interest.

The answer averred that, on October 20th, 1874, one Bowen borrowed of the defendant $25,000, and delivered the three notes to it as collateral security; that they were negotiable and not due, and were duly transferred by Bowen to the defendant, he then having the legal title to them, and then claiming, and the defendant believing him, to be their owner; that the notes were paid February 20th, 1875, when due, and the proceeds were applied to pay the loan, leaving in the hands of the defendant a surplus, due to Bowen; that, on April 14th following, the defendant, then believing, with good reason, that that surplus belonged to Bowen, applied it, on his direction, towards paying other notes then held by the defendant, indorsed by Bowen, which notes it gave up, on such payment. The answer then said: "Except as hereinbefore stated or admitted, these defendants, on information and belief, deny each and every allegation in the said complaint contained."

The answer then set up, as a second defence, that, in August, 1871, Bowen agreed in writing with the defendant, that all securities which he might thereafter deposit with it should be regarded as security for any money it might loan to him; that, when the three notes were so deposited, the agreement was a continuing one, under which it received and held the notes as security not only for the loan of $25,000, but for indebtedness which thereafter arose from Bowen to it, as indorser on notes, and existed on February 20th, 1875, to a larger amount than said surplus; that, on the direction of Bowen, it applied that surplus towards paying the last mentioned liability of Bowen; and that at all times it believed, with good reason, and without notice to the contrary from the plaintiff, that the three notes were the property of Bowen and that he had good right to dispose of them and of their proceeds. The answer then said: "And, as a part of this second and separate defence, these defendants, on information and belief, reiterate their denials, hereinbefore contained, of each and every allegation in said complaint, not herein stated or admitted."

The case was tried by a jury. The proof at the trial

showed that the surplus was applied on a note made by one Benjamin F. Allen and indorsed by Bowen. Bowen was a director in the Cook County Bank, and its agent, and the agent of Allen, in New York, and also a director in the defendant bank. Allen was president of the Cook County Bank, and with one Stephens and one Blennerhasset composed the firm of Allen, Stephens & Co., of New York. He was also a private banker in Iowa. In October, 1874, Allen, Stephens & Co. had the three notes, which they had received from the makers in part payment of a debt. They put the notes into the hands of Bowen, and he pledged them to the defendant as security for a loan of $25,000, and placed the proceeds of the loan to the credit of the Cook County Bank, in a bank in New York city. On the day the three notes matured, and before they were paid, Allen, Stephens & Co. notified the defendant that Bowen never owned the notes, and that the surplus, after paying the loan, should be credited to the Cook County Bank. The plaintiff had been appointed receiver of that bank on February 1st, 1875.

The main question in dispute at the trial was as to whether the notes belonged to the Cook County Bank, having been advanced by Allen, Stephens & Co. to that bank and delivered to Bowen to raise money on; or whether they belonged to Allen individually, and the proceeds of the loan were placed to the credit of the Cook County Bank, in accordance with a custom of Bowen to place to the credit of that bank all moneys belonging to Allen individually. The case went to the jury on the single question of fact as to whether the three notes belonged to the Cook County Bank or to Allen individually. There was no exception to the charge of the court, but the plaintiff took exceptions to the admission of evidence.

In the course of the trial the defendant offered evidence to show that Allen owned the notes. The plaintiff objected to such evidence, on the ground that, under the answer, the defendant could only prove that Bowen owned them. The defendant contended that, under the general denial in the answer, it could prove ownership of the notes in Allen or in any one else, because the answer raised the issue of title in the plaintiff. The court admitted the evidence and the plaintiff excepted.

The verdict and judgment were for the defendant. The plaintiff brought this writ of error.

*Mr. Henry Decker* for plaintiff in error.

*Mr. Edward Saloman* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. After stating the facts in the foregoing language he continued:

The admissibility of the evidence must be tested by the rules established in the courts of the State of New York. The Code of Civil Procedure of New York (§ 500) provides as follows: "The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint, controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defence or counterclaim, in ordinary and concise language, without repetition." The contention on the part of the plaintiff is, that if an answer alleges new facts as an affirmative defence, it must be a confession and avoidance, and it cannot at the same time be a denial; that this answer does not deny generally the material facts set forth in the complaint, nor state matters that are properly in confession and avoidance; that a general denial would have raised an issue of fact as to title; that this answer is not a general denial of title in the Cook County Bank; that a denial, general or special, cannot contain any affirmative allegation of facts, as a defence, by way of confession and avoidance; that, although the answer was to be accepted at the trial at its value, it amounted, at most, to a special traverse of the allegation of title in the Cook County Bank; and that the testimony for the defendant should have been restrained within the limits of the allegations in such special traverse.

The counsel for the plaintiff is mistaken in treating the two branches of § 500 as in the alternative. A defendant is not limited to the one or the other. He may in his answer embody both a denial, general or special, and a statement of new matter constituting a defence. Such is the express language of the statute.

The complaint in this case avers that the three notes were, at the date when they were paid, the property of the plaintiff. This was a fact which, on a general denial, it was necessary for the plaintiff to prove. The answer does not aver that Bowen owned the notes, but only that he borrowed the money and transferred the notes to the defendant, he then having the legal title to them, and claiming, and the defendant believing him, to be the owner; and that the defendant received the surplus money, and, believing it to belong to Bowen, applied it in the manner stated. There is no statement of ownership in Bowen, or in any other person, at any time, and no admission of ownership in the plaintiff when the notes were paid, which is the only allegation as to ownership in the complaint. Therefore, when the answer then goes on to deny each and every allegation in the complaint except as before in the answer stated or admitted, it necessarily denies the allegation of the complaint as to ownership in the plaintiff. The same thing is true as to the averments in the second defence. They conclude by saying, not that at all times Bowen was the owner, but that the defendant at all times believed him to be the owner; and then a like denial is made as to the second defence. There was no ambiguity about this, and there could be no doubt or surprise. The averment of the complaint as to the plaintiff's ownership was thereby denied, the issue as to that was made, and the defendant had a right to prove anything which went to contradict such ownership, by showing ownership in Bowen or Allen or any one else.

It is provided by § 519 of the Code of Civil Procedure, that the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties; and § 546 provides that where one or more denials or allegations, contained in a pleading, are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain, by amendment. The remedy is by motion, *The People* v. *Ryder*, 12 N. Y. 433; and it must be made before trial, in a case like the present, where the objection is that a denial is indefinite or uncertain, and the remedy is not by excluding

evidence at the trial. *Greenfield* v. *Massachusetts Mutual Life Insurance Company*, 47 N. Y. 430, 437.

But, it is well settled, in New York, that a denial in the form here in question is proper. The form is, that every allegation is denied "except as hereinbefore stated or admitted." In *Youngs* v. *Kent*, 46 N. Y. 672, material allegations in a complaint, which, if controverted, presented an issue of fact for trial, were not expressly admitted, and were not alluded to in the statement of special facts alleged in the answer, and it was held that they were to be regarded as controverted under a denial of each and every allegation of the complaint not "herein admitted or stated." In *Allis* v. *Leonard*, 46 N. Y. 688, fully reported in 22 Albany Law Journal, 28, the same principle was applied to an answer which admitted certain allegations in a complaint and denied all except those expressly admitted. We regard it as the rule in New York, that a denial such as is found in the answer in this case, in connection with the rest of the answer, is a sufficient denial to raise an issue as to the plaintiff's ownership of the notes and to warrant evidence to show any other ownership. Under such a denial a defendant has a right to prove anything that will show the allegation covered by the denial to be untrue. *Wheeler* v. *Billings*, 38 N. Y. 263; *Hier* v. *Grant*, 47 Id. 278; *Greenfield* v. *Massachusetts Mutual Life Insurance Company*, Id. 430, 437; *Weaver* v. *Barden*, 49 Id. 286.

The plaintiff also objects that certain testimony brought out on the cross-examination of the witness Blennerhasset was not responsive to anything elicited on his direct examination. But no objection was taken at the trial on that ground. The objection taken was that the testimony was irrelevant, meaning that it was not admissible under the answer, because it tended to prove that Allen owned the notes.

Under the objection of the defendant, the court, at the trial, excluded entries made in the books of the Cook County Bank in June, 1875, after the plaintiff was appointed receiver, and after the notes were paid and after the surplus was appropriated. The exclusion of these entries was proper. The rights of the defendant could not be varied by entries thus

made, because they were not contemporaneous entries, made in the due course of the business, as a part of the *res gestæ*, but were made by one of the parties after the rights of the other party had become fixed.

There is but one more point for consideration. The plaintiff introduced in evidence a deposition of Allen, taken in February, 1879, to the effect that he for himself individually had procured Bowen to obtain the loan from the defendant, and that he used the money, although he did not provide the collaterals, and that he gave no instructions to transfer the three notes or their proceeds to any other account. The plaintiff also put in a second deposition of Allen, taken in December, 1879, in which he stated that these notes belonged to the Cook County Bank when the loan was obtained; that it was obtained for the use of that bank; that he was mistaken in his first deposition, because he had not then carefully considered the matter and was without books and papers to refresh his memory; that the proceeds of the loan went to the credit and benefit of the Cook County Bank; that the surplus of the notes belonged to that bank; and that the reason he believed so was that he never used or attempted to use the surplus, and never gave any direction for its application to any purpose. Afterwards, Bowen, on his examination, was asked by the defendant to state whether Allen gave him any direction as to the use of such surplus. The plaintiff objected generally to the evidence, and the court allowed it as competent in contradiction of the testimony of Allen on the subject. Bowen then testified that Allen told him to appropriate the surplus on the note of Allen indorsed by Bowen, on which it was applied. It is plain that this evidence was competent. It was not offered in impeachment of Allen, as going to show that on some occasion he had told Bowen that he had given instructions to appropriate the surplus of the notes. In such a case it would have been necessary to ask Allen in advance whether he had not told Bowen that he had given such instructions, in order to direct his attention to the specific person to whom it was alleged that he had made a statement that he had given such instructions, when he was now testifying that he had not given such instructions. But

the evidence offered was not of that character. The issue on trial was, whether the notes belonged to Allen or the Cook County Bank. To prove they did not belong to Allen, the plaintiff had procured Allen to testify that the reason he believed that the surplus of the notes belonged to the Cook County Bank was because he had never given any directions to apply the surplus to any purpose. The answer stated that the defendant had applied the surplus by direction of Bowen. Then, when Bowen was afterwards examined by the defendant to show that Allen owned the three notes, he testified that Allen told him to apply the surplus on a note of his, indorsed by Bowen, which the defendant had. This was direct proof on a direct issue in the case, and not proof on a collateral matter.

*The judgment of the Circuit Court is affirmed.*