By the Court.—O’Gorman, J.
This is an action for the recovery of $265, and interest, from March 15, 1876, al *304 leged to be balance due on a promissory note for $270, made on April 22, 1872, by the defendant and payable to one Gr. D. Davis, or order, sixty days after date, with the interest due thereon. The note was given in part payment of $540, the price of an engine purchased by defendant from said Davis under a written contract, which is in evidence, and describes the engine in its various parts, and contains a statement by Davis that the engine would run properly and effectively if set up correctly and attended by a competent engineer, and suitable boiler. The plaintiff acknowledged receipt by .Davis of $75 on account of the note, on March 15, 1876. After that time, he alleges that Davis lost the note out of his possession. In November, 1881, Davis, for a valuable consideration, assigned his claim to the plaintiff.
The defendant claims in his answer that an action was brought by Davis against him on this note, in the marine court, in 1876 ; and that on March 18 of that year, during the pendency of that action, he paid to the attorney of Davis in the action $125 in settlement of that action, which was thereupon discontinued ; and in discharge of all other claims of Davis against the defendant. In this action in the marine court, the defendant, in his answer, alleged the failure of the consideration for which the note was given, by reason of the engine being leaky, ill-fitted and ill-adjusted, and wholly worthless.
Defendant gave evidence in the case at bar of these defects in the engine, going to prove the failure of consideration for the note, to which evidence defendant’s counsel objected, as not admissible under the answer. The learned trial judge left it to the jury to determine whether there; was a failure of consideration to the injury of the defendant, and instructed them to credit the defendant with the sum in which they found that he was so injured. He took from them altogether the question whether there had been any accord and satisfaction of the claim. The jury rendered a verdict for the defendant, and the plaintiff moved for a *305 new trial on the ground that the verdict was against evidence, which motion was denied.
The only questions in this case that require attention, are, as to the effect of the denial in the defendant’s answer, which is in these words, “defendant denies each and every allegation therein (in the complaint) contained, except as hereinafter admitted.” This, the plaintiff’s counsel contends, is neither a general nor specific denial, as provided for by section 500 of the Code, but is wholly inoperative for any purpose, and does not controvert any allegation of the plaintiff’s complaint (Code, §§ 500, 532). The opinion of the general term of the supreme court in this department, in Miller v. McCIosky (1 Civ. Pro. Rep. 252), seems to favor this view taken by the learned counsel for the plaintiff, and is, perhaps, technically correct. But if this part of the defendant’s answer be indefinite or uncertain, the more proper remedy for the plaintiff would have been a motion, under section 448 of the Code, and not the ex-elusion of the evidence at the trial (Greenfield v. Mass. & Co., 47 N. Y. 437).
Whether under this denial, even if it were in form sufficient, the defendant had the fight to- prove failure of the consideration of the note in suit, is also a question raised by the plaintiff’s counsel. The evidence on that subject went to show that the engine, in part payment for which the note was given, was worthless, and that as between defendant and Davis, their vendor, there was never any consideration for the note. The plaintiff as assignee of Davis of a note past maturity took only such rights as Davis had against the defendant. In my opinion, the evidence objected to was admissible under the denial in the answer (Wheeler v. Billings, 38 N. Y. 263).
But even if, in these respects, defects had existed in the answer, the trial judge had the power to disregard them, as not affecting the substantial rights of the parties (Code, §§ 519, 539, 540, 723).
The judgment must be affirmed, with costs, and the *306 order denying a motion for a new trial be affirmed, with ten dollars costs.
Sedgwick, Ch. J., concurred.