Churchill, J.
The complaint in this action, in its third section, averred that on or about October 20,1879, a certain agreement was made between the plaintiff and the Nashville, Chattanooga and St. Louis Railway Company, a railroad corporation created under the laws of Tennessee. This was in effect an averment, among other things, that the agreement in question was made by an officer or agent of the corporation, acting by its authority. Partridge v. Badger, 25 Barb., 146, 176.
The answer alleged and admitted that on or about that day one E. W. Cole, then president of that corporation, signed two certain papers, copies of which were annexed, and that the plaintiff signed another paper, a copy of which was also annexed. These admissions were specific and did not include an admission, that Cole, as president or other *715 wise, was authorized to execute the papers for the corporation.
The answer after these admissions concluded as follows: “And except as herein specifically alleged and admitted, the defendants deny the allegations contained in the third section of said complaint; and they deny the validity and existence of any agreement as is in said section alleged.” This was a good general denial under the Code of whatever had not been specifically admitted. Griffin v. Long Island R. R. Co., 101 N. Y., 348, 354; Burley v. German-American Bank, 111 U. S., 216; Clark v. Dillon, 97 N. Y., 370.
The plaintiff was not misled by it, since it gave in evidence on the trial as a part of its case the resolutions of the corporation, which were claimed to authorize Cole to sign the papers and make the agreement in question, and various other resolutions and acts of the corporation, which were claimed to show acquiescence in and adoption or ratification of the agreement made by its president.
The learned justice before whom the case was tried, held the making of the agreement admitted under the pleadings and took the consideration of the question from the jury. This was error.
On the motion for a new trial on the judge’s minutes, the same learned justice held that the motion must be denied, because, even if the answer was held to deny Cole’s authority, the evidence showed that the corporation had ratified his acts. In the Case of Wehrhane et al., ex’r, etc., against these same defendants—an action brought upon this same contract by another party to it, the appeal in which was argued at the same time with this—the trial justice on substantially the same evidence received in this case dismissed the complaint, on the ground that the plaintiffs had failed to show Cole authorized to make the contract, or that his acts had been ratified by the corporation. A new trial has been granted in that case, upon the ground that the question of ratification upon the evidence was not for the court but for the jury, and should have been submitted to them. The same must be held here.
The judgment and order appealed from should be reversed and a new trial granted, with costs, to abide the event.
Brady and Daniels, JJ., concur.