[No. 1969.   Decided January 9, 1896.]

HENRY W. LAMBERTON *et al.*, *Respondents*, v. GEORGE

D. SHANNON *et al.*, *Appellants*.

PLEADING — ACTION ON PROMISSORY NOTE — INCONSISTENT DEFENSES.

In an action upon a promissory note, a general denial that defendants had as principals promised to pay the sum alleged in the complaint to plaintiff, "except as herein expressly admitted, explained, or qualified," will, in the absence of anything restricting the application of such qualifications to the general denial, apply to an affirmative defense; and, in such case, the averments in the affirmative defense that defendants indorsed as sureties only, will destroy the effect of the general denial, as being inconsistent therewith.

Appeal from Superior Court, Thurston County.—

Hon. T. M. REED, JR., Judge.   Affirmed.

*John P. Judson*, and *John C. Kleber*, for appellants.

*R. B. Lehman*, *B. F. Heuston*, and *T. W. Hammond*,

for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The complaint alleges that the defendants for valuable consideration made, executed, and delivered to the plaintiffs a promissory note on the 6th day of March, 1893, whereby they jointly and severally promised to pay to the order of plaintiffs the sum of $2,000.00, that said note was signed on its face by the Olympia Light and Power Company, and at the same time for the purpose of giving credit to said note as part of the original transaction and before the delivery thereof, the defendants signed said note by writing their respective names upon the back thereof waiving demand, protest and notice of non-payment, alleges the maturity of the note and failure

to pay, and demands for judgment the amount due, viz., $1,500.00 with interest and attorney's fees provided for in the note.

The answer admits the first allegation in reference to the corporate capacity of the Olympia Light and Power Company, denies that on March 6, 1893, or at all, either jointly or severally, with one A. Farquhar, of the Olympia Light and Power Compay, they made the note referred to in the complaint, denies that there was any consideration from the plaintiffs and the payee named in the said note to these defendants or either of them, denies that ever, jointly or severally or otherwise, as principals, they promised to pay to the plaintiff the sum of $2,000 or any other sum, and the paragraph ends with these words:

" That they deny each and every part and the whole of paragraph two of the complaint except as herein expressly admitted, explained or qualified."

And then proceeds to affirmatively set out that on the 6th day of March, 1893, the Olympia Light and Power Company was indebted to the plaintiff in the sum of $2,000, and that it was mutually agreed between plaintiff, the Olympia Light and Power Company, and these defendants, that the Olympia Light and Power Company should make, execute and deliver to the plaintiff its promissory note to secure the payment of said sum, and that these defendants should indorse said note as sureties only; that in pursuance of said agreement the note was executed and indorsed; that the defendants did not receive any part of the money, but that the Olympia Light and Power Company received it all, wherefore they pray that the question of suretyship of them to said corporation be tried and determined upon these issues and that they have all proper relief herein.

To this answer the plaintiffs demurred, which demurrer was overruled. Afterwards plaintiffs made a motion for judgment on the pleadings, which judgment was sustained by the court. It appears that the judge who overruled the demurrer was not the same judge who afterwards sustained the motion for judgment on the pleadings, and while this may appear to be an irregular and inconsistent practice, we think that no substantial harm was done, as motion for judgment on the pleadings was in effect setting aside the order overruling the demurrers. It is contended by the appellants that the affirmative defense should not be considered with reference to that portion of the general denial which provides that the defendants deny except as herein "expressly admitted, explained or qualified," that that exception applied only to the matters and things set out in the first answer or the general denial, and that it had no reference to the subsequent answer, or the affirmative allegations pleaded in the second answer, and that, consequently, a good independent defense had been pleaded, which should prevent the plaintiffs from taking judgment upon the pleadings. We do not think there is the least merit in this contention. The expression "except as herein expressly admitted, explained or qualified" evidently was intended to refer to both the first and second defenses. This is the only construction which renders the pleading intelligible, and, after using the expression above quoted, the answer proceeds in the second answer to set out the qualifications and admissions which we must hold under the law announced in *Seattle National Bank v. Carter, ante,* p. 281, *Allen v. Olympia Light and Power Company, ante,* p. 307 and *Allen v. Chambers, ante,* p. 327, lately decided by this court are inconsistent with the general denial, and

therefore that the answer does not plead a defense which will place the plaintiffs upon proof of their allegations. The other contention in this case, viz., that the defendants had a right to show by parol testimony that they were sureties, falls squarely under the rule announced by this court in the case of *Allen v. Chambers*, *supra*, so that it would be useless to discuss the proposition here.

The judgment will be affirmed.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.