(45 Misc. Rep. 603)

LANDESMAN v. HAUSER.

(Supreme Court, Appellate Term. December 7, 1904.)

1. LEASES AND COVENANTS—RELETTING—ENFORCEMENT.
    A covenant in a lease authorizing the landlord to "resume possession"
    and relet for the tenant's account, and not containing the technical term
    "re-enter," is enforceable, notwithstanding the termination of the lease by
    summary proceedings.

2. PLEADINGS—GENERAL DENIAL—SUFFICIENCY.

    An answer containing certain specific admissions, and then denying each and every other allegation of the complaint, "not hereinbefore specifically admitted, controverted, or denied," is a good general denial.

    Appeal from City Court of New York, Trial Term.

    Action by William Landesman against Bella Hauser. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

    Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

    Lynn W. Thompson, for appellant.

    Ignace I. Apfel, for respondent.

    BISCHOFF, J. In an action brought by the lessee to recover moneys deposited as security for his performance of the covenants of the lease, a counterclaim based upon a loss in reletting for the lessee's account was dismissed upon the ground that the lessee's covenant to respond for that loss fell by reason of the termination of the lease through dispossess proceedings; and the case of Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425, is cited to the proposition. In Michaels v. Fishel the landlord's right to relet for the tenant's account depended upon his re-entry for the tenant's default, and the court, giving the strict common-law meaning to the term, interpreted the lease as excluding such a reletting where possession was not assumed by the landlord through resort to the remedy of ejectment to enforce the right of "re-entry," as technically understood; hence the covenant was held unavailable where possession was resumed by invoking the summary remedy given by the statute. The covenant in the lease before us gives the landlord the right to "resume possession"—a term of no technical meaning, and obviously not inconsistent with the maintenance of summary proceedings to enforce the right. The word "re-enter" is not used in the covenant, and, beyond the possibility of argument, the rule of Michaels v. Fishel does not apply. Such a covenant is enforceable, notwithstanding the termination of the lease, by summary proceedings (Lewis v. Stafford, 21 Misc. Rep. 717, 53 N. Y. Supp. 801), and there was therefore error in the dismissal of this counterclaim.

    The court below also erred in the construction of the pleadings leading to the ruling that the plaintiff's case was established without proof. The answer contained certain specific admissions, and then proceeded to deny each and every other allegation of the complaint "not hereinbefore specifically admitted, controverted, or denied." This sufficed as a general denial. Griffin v. L. I. R. Co., 101 N. Y. 348, 4 N. E. 740. There was no ambiguity in what was covered by the denial, depending upon the discovery of allegations "not qualified," as in Clark v. Dillon, 97 N. Y. 370, and the latter case is to be distinguished from the case at bar precisely as it was distinguished in the Griffin Case.

    Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.