GLENN v. UNION–BUFFALO MILLS CO. et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

PLEADING (§ 120*)—ANSWER—DENIALS AND ADMISSIONS.

The complaint in a suit in equity did not contain a plain and concise statement of the facts constituting the alleged cause of action, as required by Code Civ. Proc. § 481, but was voluminous, and pleaded evidence and conclusions, and the answers to the several paragraphs admitted and alleged certain facts, and, "except as so expressly admitted," denied the allegations. *Held,* on motion to require defendants to amend, so as to specifically deny each material allegation and be so definite that their precise meaning and application would be apparent, that defendants in answering need not admit the allegations in the precise language alleged, but could state the facts admitted to be true and deny those not admitted, and that, as they could not safely or truthfully specifically admit or deny each allegation, they were not required to serve such amended answers.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 244, 253, 254, 257, 258; Dec. Dig. § 120.*]

---

Appeal from Special Term, New York County.

Action by William S. Glenn against the Union-Buffalo Mills Company and others. From orders requiring defendants to serve amended answers, they appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George W. Schurman, of New York City, for appellants.

Robert R. Reed, of New York City, for respondent.

McLAUGHLIN, J. Appeal by the Union-Buffalo Mills Company and its officers and directors, and a separate appeal by the defendants composing the firm of Fleitmann & Co., from orders requiring them to amend their separate answers so that the same shall "contain a general or specific denial of each material allegation of paragraphs" 3 to 33, inclusive, "of the complaint controverted by the defendants, or of any knowledge or information thereof sufficient to form a belief, and, further, that such denials and each of them shall be definite and certain, so that the precise meaning and application thereof is apparent." The orders also directed the defendants to serve copies of their amended answers within 20 days, and in default thereof paragraphs 2 to 10, inclusive, of the answers, are ordered to be stricken out.

The action was commenced on the 20th of August, 1912, to prevent the Buffalo Mills Company from increasing its capital stock by the issue of what is termed a prior preferred stock, to authorize which a meeting of the stockholders had been called. Plaintiff also sought to enjoin Fleitmann & Co. from voting in favor of the proposed issue upon certain common stock held by it, and to compel a cancellation of that stock, and for an accounting. The answers of the Buffalo Mills Company and Fleitmann & Co. are substantially the same. In the second paragraph the defendant "admits and alleges" (then follow the statement of certain facts), and concludes:

"Except as so expressly admitted, said defendants deny the allegations, and each of them, in paragraph 3 of the said amended complaint contained."

This paragraph well illustrates the other paragraphs of the answer. What the plaintiff wants, and to which he claims he is entitled, is a specific admission or denial of the facts set forth in the complaint.

The action is in equity, and the complaint quite voluminous. It is difficult to see what bearing some of the facts set forth in the complaint have upon the issue sought to be tried. After a consideration of both the complaint and answers, I do not see how the defendants could truthfully, or with safety, specifically admit or deny each allegation in the complaint. The complaint is not free from criticism. It does not contain, as required by section 481 of the Code of Civil Procedure, a plain and concise statement of the facts constituting the alleged cause of action; on the contrary, some of the matter pleaded is evidence, or a legal conclusion of the pleader. The result is a long complaint, and this, of itself, necessitates a longer answer than would otherwise be required. Defendants were not required, in answering,

to admit the allegations of the complaint in the precise language there used. · They could state the facts they admitted to be true, and deny those not admitted.

This practice is recognized in several well-considered authorities. Thus in Grant v. Pratt & Lambert Co., 52 App. Div. 540, 65 N. Y. Supp. 486, the statement is made that the rule governing the effect of admissions contained in a pleading requires that the matter shall be taken as a whole, and the admission is limited by any statement therein which qualifies or explains. In Griffin v. Long Island R. R. Co., 101 N. Y. 348, 4 N. E. 740, the denial was "of each and every allegation of the complaint not before admitted or controverted." In Lake Ontario National Bank v. Judson, 122 N. Y. 278, 25 N. E. 367, it was said:

"The denial by the defendant in his answer, except as therein admitted, of each and every allegation of the complaint, put in issue any material allegation of the complaint not distinctly admitted by the answer."

See, also, Burley v. German-American Bank, 111 U. S. 216, 4 Sup. Ct. 341, 28 L. Ed. 406; Clark v. Dillon, 97 N. Y. 370.

Neither the complaint nor answer can be said to be a model pleading; but one seems to be as good as the other. Whether this be so or not, I am unable to see any difficulty in determining what the defendants admit and what they deny.

The orders appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.