[No. 26626.   Department Two.   September 23, 1937.]

GEORGE R. AINSLIE, *Respondent*, v. NORMAN B. MOSS
*et al., Defendants*, OPHELIA E. TOPLEY, *Appellant*.[1]

[1]Reported in 71 P. (2d) 679.

626

*John G. Barnes,* for appellant.

*Robert D. Hamlin,* for respondent.

HOLCOMB, J.—Respondent loaned Norman B. Moss and Lodema Moss, his wife, $1,500 in 1928, and the latter executed and delivered to respondent their promissory note on December 6, 1928, by which they agreed to reimburse him three years after date, and, to secure the payment of this sum, executed and delivered a mortgage upon 21.25 acres of land in lot 1, section 15, township 37, range 2 west, on Orcas Island, San Juan county. By the express terms of the mortgage, mortgagors were required to pay, before delinquency, all taxes levied or assessed against this property.

This action was instituted in June, 1935, to recover upon this note and mortgage. It appears that Mary Moss and Pauline Moss are one and the same person. By a deed, dated October 6, 1930, the mortgagors deeded the mortgaged land to Pauline Moss, mother

of Norman B. Moss, which deed was duly recorded December 17, 1930.

By reason of tax delinquency on the above described property, a certificate of tax delinquency was issued to one Leonard E. Salmon, brother-in-law of Norman B. Moss. On June 22, 1932, a tax foreclosure action, No. 114, was filed with the county clerk of San Juan county by Salmon, against Pauline Moss, relating to the following land:

"Pt. lot 1, Sec. 15, Twp. 37, Rng 2, 21.25 acres; also tide lands in front of Sec. 10 and 15 Twp. 37, Rng 2, 15.23 chains."

The order of default and judgment in this tax case were signed September 6, 1932.

A public sale of this real estate was held on September 17, 1932, and on the same date the treasurer of San Juan county executed a tax deed to Salmon covering the realty in question, but it was not filed until September 19, 1932.

Respondent contends the tax foreclosure action was instituted, promoted, and carried to conclusion by one of the makers of the note and mortgage, Norman B. Moss, for the purpose of destroying the lien of respondent's mortgage.

Respondent also contends that Moss entered into an arrangement with his brother-in-law, Salmon, by which the latter consented to the use of his name as a "dummy" plaintiff in this tax foreclosure action, No. 114. Pursuant to this arrangement, it is alleged, it was further understood that, after the treasurer's deed was issued, Salmon and his wife would deed back the land involved to Mary Moss. This was done by a quitclaim deed dated October 1, 1932, and recorded December 4, 1934, the date of recordation being several months after the institution of an action by respondent

to clear title of the tax deed and to establish priority of respondent's mortgage.

Respondent states that, since his home is in Seattle and all of these proceedings were at Friday Harbor, he knew nothing about them.

On September 7, 1934, Mary Moss died testate at Calgary, Alberta, Canada, being domiciled there, leaving as one of her heirs a son, Norman B. Moss, and other alleged heirs whose names and residences are unknown.

Respondent brought an action in the superior court for San Juan county as mortgagee, cause No. 1130, on August 14, 1934, to secure a decree establishing a prior lien of the mortgage and to have the court adjudge tax proceedings, cause No. 114, to be of no legal effect. In this action, Salmon and wife were made parties defendant. Mary Moss was also named as a party defendant, but the action was dismissed as to her on motion of plaintiff by reason of her death, September 7, 1934.

Coincident with the bringing of this action, respondent filed a *lis pendens*. Thus, Salmon's quitclaim deed to Mary Moss was recorded subsequent to this *lis pendens* and the institution of cause No. 1130.

The court entered a decree in cause No. 1130 on June 4, 1935, establishing priority of respondent's mortgage as against all of the defendants herein and held the lien of the same was not affected by tax suit No. 114 and ordered the tax deed issued to Leonard E. Salmon be cancelled.

The decree of the trial court concluded:

"This decree shall not be construed to bar any defense on the merits which may be interposed against the promissory note or mortgage herein described on any original action thereon."

The tax deed being removed from the situation, respondent initiated the present action to foreclose the

note and mortgage. The parties to this action are the makers of the note and mortgage, the occupants of the mortgaged premises, unknown owners and unknown heirs of Mary Moss, deceased, and the Cascaddens, husband and wife, claiming to be tenants. Appellant, Ophelia E. Topley, claims to be the sole devisee of Mary Moss, and answered the complaint denying respondent's alleged lien was prior to her right, title, and interest in the mortgaged premises.

The parties entered into the following stipulation herein:

"All of the records and files in cause number 1130 in their entirety lately pending in the above-entitled court, wherein judgment was entered on June 4, 1935, may be deemed and treated as a part and portion of the second affirmative defense of the defendants Cascadden and wife as alleged in paragraph I thereof and also of the reply of the plaintiff to said answer to the same effect and purpose as if said files and records were set forth and alleged as a part of said pleadings."

Appellant set up an affirmative defense showing the sale of the realty pursuant to a real estate tax judgment, occasioned by delinquent general taxes, the deed executed by Salmon and wife to Mary Moss, and that, under the terms of the will of Mary Moss, the realty in question was bequeathed to Ophelia E. Topley. It was also alleged that, on October 2, 1934, the district court of Calgary, Alberta, Canada, entered its order and decree whereby it probated the will of Mary Moss, and ever since that appellant has been and is in possession of this realty by or through her tenants thereon.

To this affirmative defense, respondent filed a reply in which he set up two "further replies." In the first "further reply," respondent cites cause No. 1130, in which the superior court for San Juan county entered a final decree cancelling the tax deed issued to Salmon

in so far as the mortgage of respondent is concerned, and decreed priority of the lien of this mortgage upon the real property. In the second "further reply," the allegations set forth in the complaint in cause No. 1130 relating to cause No. 114 are presented, and it is alleged the tax deed is void for various and sundry reasons and by reason of the collusion between Norman B. Moss and Salmon.

Appellant moved to strike the reply on the ground that it is sham, frivolous, and irrelevant, and in the alternative that respondent be requested to make the reply more definite and certain, which motions were denied. Appellant also moved to strike the first and second further replies on the ground that each of them was sham, frivolous, and irrelevant, inconsistent with each other, inconsistent with the complaint, and a departure therefrom. The motions were denied.

Appellant demurred to the first and second further replies upon the ground that neither was a sufficient reply to her answer. The demurrers were overruled. It appears that the court permitted to go in evidence practically the entire files and records in causes No. 114 and No. 1130, notwithstanding the objections of appellant.

In his memorandum opinion, the trial court stated:

"The facts as found by the court in cause No. 1130 are amply sustained. The plaintiff will be permitted to foreclose his note and mortgage and the decree will be that the defendant Topley has no right, title or interest in the property in question."

Judgment of foreclosure of respondent's mortgage was entered directing the sale of the mortgaged premises to satisfy the sums found due. Appellant moved for a new trial, the motion was denied, and she now appeals to this court.

The claim of appellant is predicated on title

acquired through the medium of the tax deed issued to Salmon and wife, who in turn conveyed to Mary Moss. An examination of the record shows that the proceedings relating to the acquisition of the tax deed by Salmon and the subsequent transfer to Mary Moss were irregular. It appears that Moss arranged the foreclosure of the certificates of delinquency against his mother with the understanding that the property be deeded to his mother at the conclusion of the proceedings. This being true, the case at bar is clearly distinguishable from the cases cited by appellant evidencing a constant endeavor to preserve the integrity of a tax deed.

Moreover, the description contained in the tax deed is not sufficiently definite and certain so as to comply with the requirements of Rem. Rev. Stat., § 11137 [P. C. § 6882-54]. *Miller & Sons v. Daniels,* 47 Wash. 411, 92 Pac. 268; *McMurren v. Miller,* 158 Wash. 284, 290 Pac. 879.

Nor should the sale have been consummated until the judgment was filed by the clerk. *Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389; *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974; *Morley v. Morley,* 130 Wash. 77, 226 Pac. 132.

█ Appellant argues that the motion to strike the reply to make the denials and the reply more certain should have been granted. The language objected to with respect to the denial is, "save and except as the same may be hereinafter or in the complaint of the plaintiff admitted, qualified, or explained." It cannot be said this pleading is too evasive to raise the issues sufficiently. While it is true that equivocal pleading is to be avoided, this court and others have approved this form of pleading. *Lamberton v. Shannon,* 13 Wash. 404, 43 Pac. 336; *Burley v. German-American Bank,* 111 U. S. 216, 4 S. Ct. 341, 28 L. Ed. 406; *State*

*ex rel. Brown v. Pierre,* 15 S. D. 559, 90 N. W. 1047; *Landesman v. Hauser,* 91 N. Y. Supp. 6, 45 Misc. 603.

The matter contained in the reply is not to be deemed improper, and the court did not err in overruling the demurrers to the further replies.

■ In view of the stipulation entered into by appellant with reference to the records and files in cause No. 1130, there was no error in their admission by the trial court, nor did the court err in admitting the record in cause No. 114. The record shows that the Salmon depositions were offered in evidence and refused. The interrogatories propounded to Norman B. Moss and his answers thereto in cause No. 1130 were properly before the court.

■ Appellant contends that the plea in the first "further reply" to the effect that default decree in cause No. 1130 purporting to cancel and annul the deed issued to Salmon is *res judicata* as to appellant, is erroneous, since neither the subject matter nor cause of action No. 1130 was the same as in the instant case. We find no merit in this contention, in view of the fact that appellant is, in fact, in privity with Mary Moss. *Large v. Shively,* 186 Wash. 490, 58 P. (2d) 808.

■ The failure to allege tender of the delinquent taxes is not a fatal defect, inasmuch as respondent was not seeking to recover the property as such, but to remove an infirmity and cloud from the title which impaired his mortgage lien. The mortgagee, however, has such an interest therein as to entitle him to set aside the tax deed. 61 C. J. 1404, § 1991; *Wehr v. Craver,* 87 Wash. 214, 151 Pac. 502.

■ The fact that the *lis pendens* was filed prior to the recordation of the deed from Salmon to Mary Moss is not conclusive of the substantive rights of the parties. *Merrick v. Pattison,* 85 Wash. 240, 147 Pac. 1137.

It is also true that the filing of the notice will not prevent the holder of a superior, outstanding, unrecorded title from asserting such title except to innocent purchasers without notice, but here respondent had an equitable interest in the land in question antedating, in point of time, that acquired by appellant.

Appellant contends respondent has split his cause of action, and that the whole matter should have been disposed of in cause No. 1130. It is clear that the tax deed had to be eliminated to establish the priority of the mortgage lien before the mortgage could be foreclosed, and in any event we must apply the rule against splitting causes of action so as to render justice which the particular facts dictate. *State ex rel. White Pine Sash Co. v. Superior Court,* 145 Wash. 576, 261 Pac. 110.

Appellant cites *Kizer v. Caufield,* 17 Wash. 417, 49 Pac. 1064, *Oates v. Shuey,* 25 Wash. 597, 66 Pac. 58, and *Seattle Trust Co. v. Cameron,* 100 Wash. 92, 170 Pac. 379, to the effect that, the tax title set up in appellant's answer being paramount and hostile, the title of the mortgagor could not, over objection of appellant, be litigated in this action to foreclose the mortgage. If appellant has any right, title, or interest in the land in question, she must secure the same through Salmon, and then in turn through Mary Moss, and since the latter acquired her interest from the mortgagor, appellant is properly a party hereto. After the foreclosure, then appellant may have her interest determined as to any interest remaining.

Appellant being in privity with Mary Moss, her position is essentially the same and cannot be superior to that of Mary Moss.

*" 'The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is, that they*

634

*are identified with him in interest; and wherever this identity is found to exist, all are alike concluded.'"* Douthitt v. MacCulsky, 11 Wash. 601, 40 Pac. 186.

Also, see *Reagh v. Schalkenbach*, 185 Wash. 527, 56 P. (2d) 673.

Finding no error in the record, the judgment is affirmed.

STEINERT, C. J., MAIN, and ROBINSON, JJ., concur.

BEALS, J., concurs in the result.

