Judge Lane
delivered the opinion of the court:
To sustain a title acquired by the purchase of land for taxes, -every substantial requisition of the law must be complied with. The authority to sell is construed strictly; no presumption is made in its favor; and proof of the regularity of the proceedings must be made by him who rests his title upon them, except in so far as this rule may be modified by our statute, in making the deed prima facie evidence of the facts. 2 Ohio, 504; 4 Cranch, 504; 4 Wheat. 77; 6 Wheat. 119; 4 Pet. 350.
The law, in requiring an advertisement of the sale, has the double object in view, to apprise the owner that the tax is unpaid, .and to invite the attention of purchasers in such manner that the land may be sold for its fair market price. To attain these objects, it is necessary that the description should be such that the owner may know that the tax on his land is unpaid, and that purchasers may *know or learn the precise tract intended, and be enabled to estimate its actual value.
In this case, the whole original entry was tested by its then owner, Haines, and perhaps was sufficiently described by its number and water-course; but ninety-seven acres had been transferred to another name, leaving seventy-three acres still standing to Haines. What “seventy-three acres? In common or separate? If separate, in what part of the lot does it lie ? The answers to these questions materially affect the price. Without them, no such information is communicated to the public as is calculated to produce a fair competition, and no prudent man will offer its value in his bid. The description, therefore, is not adapted to promote a fair sale, and it must be holden insufficient.
This point has been before decided. A levy by the sheriff upon “one hundred acres, section 4, township 7, range 4,” has been holden too vague. Lessee of Mathers v. Thompson, 3 Ohio, 569. The assessment of a tax upon “part of a lot,” or “one acre of a lot,” is not valid. Lessee of Massie’s Heirs v. Long, 2 Ohio, 287. A sale for taxes, under an advertisement of “ one-half lot 4, in square 461,” without designating which moiety, and that it was held *420 in common, is void. Ronkenderff v. Taylor’s Lessee, 4 Pet. 350. We, cheerfully follow these authorities, and hold the instruction right.
Motion for new trial overruled.