RUTH A. PRICE

*v.*

J. D. ENGLAND.

*Filed at Springfield March 26, 1884.*

1.   TAX TITLE—*of the notice to entitle the purchaser at a tax sale to a deed—requisites of the affidavit.* An affidavit to entitle the purchaser of land at tax sale to a deed, must follow the requirements of the statute, and state particularly the facts relied on as showing service of notice, so that the court can see that the mode of service is such as is required by the constitution and the statute.

2.   An affidavit of a purchaser of land for taxes on a purchase in June, 1878, after stating the service of notice of the sale of the premises for taxes on certain of the persons named, proceeded as follows: "That on the 11th day of February, A. D. 1880, affiant served a notice on J. D. E., the owner, occupant, and person in whose name taxed, of the land hereinbefore described; that all the notices served, as above set forth, were printed, a copy of which notice is hereto attached and made a part of this affidavit:" *Held,* that the affidavit was fatally defective in not showing that the occupant was served with personal notice, as required by the constitution.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. F. M. W. PRICE, for the plaintiff in error.

Mr. WM. B. WEBBER, for the defendant in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, wherein there was judgment for the defendant, and the plaintiff appeals to this court.

The plaintiff's claim of title was under a tax deed made upon a sale of the premises, for taxes, on June 17, A. D. 1878. The point of attack on the tax deed is as to the sufficiency of the notice of the sale for taxes.

Section 5, article 9, of the constitution of 1870, requires that the General Assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of real property for taxes, and when the time of redemption shall expire: "*Provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires." Section 216 of the Revenue act, (Rev. Stat. 1874, p. 893,) as amended May 31, 1879, (Laws 1879, p. 256,) provides that no purchaser of real property at a sale for taxes shall be entitled to a deed for the property so purchased until he shall have complied with certain named conditions, one of which being, that he shall "serve, or cause to be served, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot; also, the person in whose name taxed; * * * also, the owners of, or parties interested in, said land or lot, * * * if they can * * * be found, * * * at least three months before the expiration of the time of redemption on such sale." Section 217 of said act provides, "that every purchaser, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance."

The affidavit, under the last section, relied on in this case, after stating the service of notice of the sale of the premises for taxes on certain other persons named, proceeds: "That on the 11th day of February, A. D. 1880, affiant served a notice on J. D. England, the owner, occupant, and person in whose name taxed, of the land hereinbefore described; that all the notices served, as above set forth, were printed, a copy of which notice is hereto attached and made a part of this affidavit." The objection taken to the affidavit is, that it does not show a sufficient service of notice on England.

The affidavit is defective, in not, as the statute requires, "stating particularly the facts relied on as such compliance" with the condition of giving notice. The constitution requires that occupants shall be served with personal notice. It does not appear here that there was personal notice served. If there was service of a printed notice, the mode of service might have been by sending the notice by mail, or by leaving a copy at the residence of the occupant, or delivering it to some member of his family. All these are recognized modes of notice, and in the idea of the person making the affidavit, either of them might have been considered a proper manner of service of notice. The affidavit should have followed the requirement of the statute, and stated particularly the facts relied on as showing service of notice, so that the court might see that the mode of service was that which is required by the constitution and the statute.

There being, then, failure to show compliance with the condition upon which, only, could the purchaser at the tax sale become entitled to a deed, there is no title made by the tax deed, and the judgment must be affirmed.

*Judgment affirmed.*