# F. W. BRICKEY

## *v.*

## FRANK ENGLISH *et al.*

### *Filed at Mt. Vernon October 31, 1889.*

1. DESCRIPTION—*of land in a tax deed—whether void for uncertainty.* A tax deed described the land sold for taxes as "part of survey No. 743, claim No. 93, 31 35-100 acres," but in no manner was the *part* of that survey designated. The proceeding under which the deed was had described the land in the same way: *Held,* that the tax deed and judgment and sale were void for the uncertainty in the description of the land.

2. TAX TITLE—*affidavit of notice—sufficiency.* An affidavit of the service of notice of a tax sale, etc., relied on as showing a right to a tax deed, stated, "that this affiant served, or caused to be served, written or printed, or partly written and partly printed, notices of purchase at said tax sale, upon A B, C D and E F, the only persons in actual possession or occupancy of said piece or parcel of land or lot:" *Held,* that the affidavit, for its great uncertainty in every essential requirement, was wholly insufficient as the basis for a tax deed. Who served the notice, in what manner it was served, whether it was written or printed or partly written and partly printed, as well as when it was served, are facts not disclosed by the affidavit, and such facts are required by section 217, chapter 120, of the Revised Statutes, to be particularly stated.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

This was an action of ejectment, brought by F. W. Brickey, against Frank English. Leave was given to Hardy and Demint, as landlords of English, to plead. The plaintiff sought to recover under a tax deed for the premises.

The plaintiff put in evidence the list of lands returned by the collector as delinquent, including the tract in suit; also, an affidavit to the same, by the collector, of his inability to collect the taxes thereon; the judgment of the county court against the said land for taxes, etc., together with the certificate of the clerk to the same; also, the tax certificate of pur-

chase showing the sale to the plaintiff at the tax sale. He next introduced the affidavit for the tax deed, filed with the clerk of the county court, on which the deed was executed by the clerk to the plaintiff. The affidavit is as follows:

"STATE OF ILLINOIS, ⎱ *ss.*
 *County of Monroe.* ⎰

"F. W. Brickey, of lawful age, being first duly sworn, doth depose and say: That at a tax sale of real estate, made in and for the county aforesaid, at the place of holding court therein, on the 10th day of June, A. D. 1884, for drainage tax due Randolph and Monroe County Drainage District No. 1, interest and costs due thereon, he purchased the following described piece or parcel of land or lot situated in the county of Monroe and State of Illinois, to-wit: Part of survey No. 743, claim No. 93, township 5, S., R. 9 west, 3d P. M., Monroe county, Illinois, containing $31\frac{35}{100}$ acres, for which a tax sale certificate of purchase was issued at said tax sale, in the manner prescribed by law, and that he, this affiant, F. W. Brickey, is the legal owner of the same; that this affiant served, or caused to be served, written or printed, or partly written and partly printed, notices of purchase at said tax sale, upon Thomas, Patrick and William Hayden, and Frank English, the only persons in actual possession or occupancy of said piece or parcel of land or lot, and also a partly written and partly printed notice was given to D. M. Hardy and William T. Demint, the owners or parties interested in said piece or parcel of land or lot, at least three months before the expiration of the time of redemption on said sale; said notices stated when the purchaser above named purchased the said piece or parcel of land or lot, in whose name the same was taxed, the description of the said land or lot he had purchased, for what year taxed or specially assessed, and when the time of redemption would expire; that Mrs. F. Tillman, in whose name said piece or parcel of land or lot was assessed, upon diligent inquiry could not be found in said county of Monroe, and did

not reside therein for any period of time from the day of said sale down to within three months before the expiration of the time of the redemption on said sale, within the knowledge or belief of this deponent; that more than three months, and less than five months, before the time for the redemption of the said land or lot above described expired, he, this affiant, caused to be published in the 'Waterloo Times,' a newspaper of general circulation in said county and State, printed and published in the town of Waterloo, in said county and State, a notice of the said purchase at said tax sale, which said notice was inserted and published in said newspaper three times, to-wit: on the 21st and 28th days of January, on the 4th day of February and on the 11th day of February, A. D. 1886, the first time of said insertion being not more than five months and the last time being not less than three months before the time of said redemption expired. And this affiant further says, that said land or lot has not been redeemed from the force and effect of said sale within the time and in the manner prescribed by law, and that he, this affiant, relies on the facts stated in this affidavit, and on compliance with the provisions of the constitution and laws of the State of Illinois in this behalf; and this affiant particularly says, that all the conditions of section 216 of an act of the legislature of the State of Illinois, entitled 'An act for the assessment of property, and for the levy and collection of taxes,' approved March 30, 1872, in full force July 1, 1872, and all amendments thereto, have been strictly complied with, and therefore says, that he, this affiant, has caused a partly written and partly printed notice to be given to D. M. Hardy and William T. Demint, the owners or parties interested, by publication and service, of the fact of the sale of the property above described, and when the time of redemption would expire, and has complied with all the provisions of the constitution and laws of the State of Illinois to entitle him, this affiant, to a deed or deeds of conveyance, and asks that a deed or deeds of conveyance, vesting in him

the title to the land or lot described in the original certificate of purchase, hereto attached, may be issued to F. W. Brickey, as provided by law.                    F. W. BRICKEY.

"Subscribed and sworn to before me, this 20th day of August, A. D. 1886.                    JOSEPH R. DUCLOS,

*Notary Public Randolph Co., Ill.*"

Messrs. GORDON & HORINE, for the plaintiff in error:

All defenses that may have existed at the time of the rendition of the judgment against the lands for taxes and special assessments should have been presented when the application for judgment was made to the county court. Starr & Curtis' Stat. chap. 120, sec. 226, clause 7, as amended by Laws of 1885, p. 235.

As to effect of a deed as evidence, see Starr & Curtis' Stat. chap. 120, sec. 226; *Taylor* v. *Wright*, 121 Ill. 455.

The statute does not require a notice to be served upon the party in whose name the property is assessed, if such party resides out of the county, unless the property is unoccupied or not in the possession of any one. Starr & Curtis' Stat. chap. 120, sec. 218.

Mr. WILLIAM WINKELMAN, for the defendants in error:

The description of the land, "part of survey 743, claim 93, 31$\frac{35}{100}$ acres," is so indefinite and uncertain that the land can not be found. The survey and claim contain 400 acres. The 31$\frac{35}{100}$ acres are located somewhere in the survey and claim, but in what part no one can tell.

In *Lancey* v. *Brock*, 110 Ill. 610, it is said: "A deed described the land as 67 acres, part of claim 1096, survey 117. Survey 117 contained 130 and a fraction acres. *Held*, that the description was fatally defective, it failing to describe definitely any specific tract."

That the description is void for uncertainty, see *Turney* v. *Saunders*, 4 Scam. 527, and *Pickering* v. *Lomax*, 120 Ill. 297.

The affidavit of the service of the notice, to entitle the plaintiff to a deed, is wholly insufficient. In the affidavit we find this statement: "That this affiant served, or caused to be served, written or printed, or partly written and partly printed, notices," etc. From this we are left to conjecture whether Brickey served the notice, or any one else, and if any one else, who it was. The name is not given, nor the mode of service.

This court has passed on affidavits of this sort. *Price* v. *England*, 109 Ill. 396; *Davis* v. *Gossnell*, 113 id. 123; *Gage* v. *Waterman*, 121 id. 115; *Taylor* v. *Wright*, id. 456; *Gage* v. *Mayer*, 117 id. 638; Wade on Notice, secs. 1119, 1121.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action of ejectment, by plaintiff in error, against defendants in error, to recover certain lands in Monroe county, this State, described in the declaration as "commencing at the south-east corner of survey 743, claim 93; thence along easterly line," etc., giving metes and bounds, and concluding, "containing $31\frac{35}{100}$ acres, more or less, and situated in survey 743, claim 93." Defendants Hardy and Demint filed a plea of not guilty. English was defaulted. The case was tried by the court without the intervention of a jury, and judgment rendered in favor of defendants. Plaintiff sues out this writ of error.

The only evidence offered by plaintiff to prove title in himself, was a tax deed, and the judgment, certificate of purchase and affidavit for deed on which it was based, in each of which the description is as follows: "Part of survey No. 743, claim No. 93; $31\frac{35}{100}$ acres." The *part* of survey No. 743 is in no manner designated, and the deed is therefore void for uncertainty. *The People* v. *Chicago and Alton Railroad Co.* 96 Ill. 369; *Lancey* v. *Brock*, 110 id. 610.

The proceeding under which the deed was obtained was for the same reason also void. *The People* v. *Reat*, 107 Ill. 581; *Pickering* v. *Lomax et al.* 120 id. 297.

The affidavit on which the deed issued was fatally defective for other reasons, especially in that it failed to state the facts relied on as showing service of notice on the occupants of the lands purchased. The language of the affidavit is, "that this affiant served, or caused to be served, written or printed, or partly written and partly printed, notices of purchase at said tax sale, upon Thomas, Patrick and William Hayden and Frank English, the only persons in actual possession or occupancy of said piece or parcel of land or lot." Here is uncertainty in every essential. Who served the notice, how it was served, (whether written or printed or partly written and partly printed,) as well as when it was served, are facts upon which the affidavit furnishes no light whatever; and they are facts which, by section 217, chapter 120, of the Revised Statutes, must be particularly stated. *Price* v. *England*, 109 Ill. 394; *Davis* v. *Gossnell et al.* 113 id. 121; *Wallahan et al.* v. *Ingersoll*, 117 id. 123; *Gage et al.* v. *Reid et al.* 118 id. 35.

The judgment of the circuit court is affirmed. The cost of additional abstract by defendants in error should be taxed to plaintiff in error.

*Judgment affirmed.*