·FREDERICK A. POWERS et als. vs. LOUISE J. SAWYER.

Aroostook.    Opinion December 9, 1905.

*Petition for Partition.    Sale for Non-payment of Taxes.    State Treasurer's Deed.*
*Insufficient Description.    No Cloud Upon Title.*

A description in a deed from the State Treasurer, whereby a portion of land
in a Township containing twenty-two thousand acres was attempted to be
sold for the non-payment of taxes, as follows:  "4520 acres in 13, Range 7,
W. E. L. S.," is utterly insufficient to pass any title to any portion of the
Township, and is insufficient to create any cloud upon the title of a tenant
in common who seeks partition of the Township either in equity or by
petition for partition.

On exceptions by defendant.    Overruled.

Petition for partition.    At the hearing before the court at nisi
prius, judgment for partition was ordered and commissioners were
appointed.    Defendant excepted to certain rulings made by the pre-
siding Justice.    Exceptions overruled.

PETITION FOR PARTITION.

To the Honorable Justice of the Supreme Judicial Court next to
be held at Caribou, in and for the County of Aroostook, on the first
Tuesday of December next.

Respectfully represents Frederick A. Powers, Simon Friedman
and Jennie' Wilson, all of Houlton, and John P. Donworth, of
Caribou, all in said County of Aroostook, and Elaine Wilson, also
of said Houlton, an infant under the age of twenty-one years who
joins in this petition by said Jennie Wilson, her guardian, that they
are seized in fee simple and as tenants in common of and in certain
real estate situated in said County of Aroostook, to wit:   Township
No. thirteen (13) in the seventh Range of Townships west of the east
line of the State of Maine, excepting the Public Lots, the Township
containing twenty-two thousand forty acres, exclusive of the Public
Lots which have been set out and are described as follows:

Commencing at a cedar stake on the north line of the Township
one mile and a half east from the northwest corner and running south

one mile to a cedar stake; thence east five hundred rods to a hemlock tree marked "PUBLIC LOT": thence north one mile to a cedar stake and stones on the north line of the Township; thence west on said north line five hundred rods to the point begun at, according to plan of said Township designated as plan No. 17 and recorded in the Land Office of the State of Maine. That your petitioners are the owners of four hundred fifty-one undivided five hundred fifty-first (451-551) parts thereof with Louise J. Sawyer of Bangor, in the County of Penobscot and said State, who is seized of one hundred undivided five hundred fifty-first (100-551) parts thereof, and who also owns the pine and spruce timber which was standing on said Township December 3, A. D. 1850; and that your petitioners desire to hold their undivided interests in severalty, that is, they desire to hold their undivided interests separately from, and independently of the said Louise J. Sawyer.

WHEREFORE, they pray that notice to all persons interested, to wit: the said Louise J. Sawyer, may be ordered; that commissioners may be appointed; that the interests of your petitioners may be set out to them to be held in fee and in severalty, that is, in common and undivided as among themselves, but separately from, and independently of the interest of the said Louise J. Sawyer.

HOULTON, MAINE, October 1, A. D. 1903.

> FREDERICK A. POWERS,
> SIMON FRIEDMAN,
> JENNIE WILSON,
> JOHN P. DONWORTH,
> ELAINE WILSON,
> By JENNIE WILSON, Guardian.

## DEED.

### STATE OF MAINE TO MILTON S. CLIFFORD.

To all Persons to whom These Presents may come. I, F. M. Simpson, Treasurer of the State of Maine Send Greeting. Whereas, in obedience to the provisions of Chapter 6, Section 73 of the Revised Statutes in relation to the collection of taxes in unincorporated places,

the said Treasurer caused to be published a notice containing a list of all tracts of land lying in unincorporated places which have been forfeited to the State for State taxes or County taxes, which have been certified according to law to the Treasurer of State, together with the amount of such unpaid taxes, interest and costs on each parcel and that the same would be sold at the Treasury office in Augusta, on the twenty-eighth day of September, A. D. 1899, at eleven o'clock a. m. in the State paper and in a paper in the County where said lands are situated (where any such was published) three weeks successively before the day of sale and within three months thereof and Whereas said list contains the following described parcel of land so forfeited situate in the County of Aroostook viz: 4520 acres in 13, Range 7, W. E. L. S. upon which there was due and payable for taxes, interest and cost the sum of Thirty-eight and 6-100 Dollars including its proportion of the State tax for 1897 and of the County tax for the same year certified to the Treasurer of State according to law. And Whereas, on said twenty-eighth day of September, 1899, at eleven o'clock a. m., at the Treasury Office in Augusta, said Treasurer did sell all the interest of the State in said premises to Milton S. Clifford at auction for the sum of Forty-one 0-100 Dollars he being the highest bidder therefor and his bid being a price not less than the full amount due thereon for such unpaid State and County taxes, interest and cost of advertising as required by law. Now know Ye That I, F. M. Simpson, in my said capacity in consideration of the premises and of the payment of the said sum of Forty-one 0-100 Dollars, the receipt whereof is hereby acknowledged do hereby sell, and convey to him the said Milton S. Clifford, his heirs and assigns forever, all the interest of the State by virtue of said forfeiture in and to said premises so sold as aforesaid. To Have and To Hold the same, with all the privileges thereof to him the said Milton S. Clifford, his heirs and assigns forever subject to all taxes assessed thereon subsequent to the year eighteen hundred and ninety-seven, provided however that any owner or part owner thereof shall have the right to redeem his proportion of the same at any time within one year, by paying or tendering to the purchaser or treasurer of State, his proportional part of what the said Milton S. Clifford paid for the same

with interest at the rate of twenty per cent per annum and the cost of conveyance as provided in Chapter 6, Section 75 of the Revised Statutes.

In Witness Whereof, I, the said F. M. Simpson in my said capacity have hereunto set my hand and seal this twenty-eighth day of September in the year of our Lord one thousand eight hundred and ninety-nine.

Signed, sealed and delivered in presence of

D. W. EMERY            F. M. SIMPSON (L. S.)
                                    State Treasurer.
            (L. S.)

Kennebec, ss.   Oct. 25, A. D., 1899.   Personally appeared the above named F. M. Simpson and acknowledged the foregoing instrument by him signed as Treasurer of State as aforesaid to be his free act and deed.

Before me,

D. W. EMERY, Justice of the Peace.


## DEED.

### MILTON S. CLIFFORD TO LOUISE J. SAWYER.

Know all Men by these Presents, that I, Milton S. Clifford of Bangor, County of Penobscot, State of Maine, in consideration of One Dollar and other considerations paid by Louise J. Sawyer of said Bangor the receipt whereof is hereby acknowledged, do hereby remise, release, sell, and forever quitclaim unto the said Louise J. Sawyer, her heirs and assigns forever, all my right, title and interest in and to a certain parcel of land situated in the County of Aroostook and known as Township thirteen (13) Range Seven (7) W. E. L. S. Said parcel being 4520 acres as per deed of F. M. Simpson, Land Agent to me dated Sept. 28, 1899.

To Have and to Hold the above described premises with all the privileges and appurtenances thereof, to the said Louise J. Sawyer, her heirs and assigns forever.

In Witness Whereof, I, Milton S. Clifford have hereunto set my

hand and seal, this 29th day of March in the year of our Lord one thousand nine hundred.

Signed, sealed and delivered in presence of

MILTON S. CLIFFORD (L. S.)

Penobscot, ss.    March 29, 1900.    Personally appeared the above named Milton S. Clifford and acknowledged the above instrument to be his free act and deed.

Before me, SAMUEL F. HUMPHREY, Justice of the Peace.

Both of the foregoing deeds were duly recorded.

## EXCEPTIONS.

"And now at the hearing for partition in the above entitled action, and before judgment, the defendant comes and files this bill of exception, and prays that the same may be allowed.

This is a petition for partition of certain real estate in the County of Aroostook, to wit:    Township No. 13, in the Seventh Range of Townships, west of the east line of the State of Maine, excepting the public lots.

To entitle the claimants for partition, they must show a clear, legal title.

The defendant offered to show that the complainants did not have a clear, legal title to the demanded premises by reason of a cloud on the title by reason of an existing sale of this land for taxes, and in support of this contention, produced a deed from the State of Maine to M. S. Clifford, and from said M. S. Clifford to the defendant, Louise J. Sawyer.

The court ruled that these deeds were not sufficient to show any cloud on the title of petitioners, and to this ruling, the defendant being aggrieved, asked, and the court allowed an exception thereto.

To the foregoing ruling, the defendant excepts and prays that the exception may be allowed."

The case is also stated in the opinion.

*E. C. Ryder*, for plaintiffs.

*H. L. Fairbanks*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

WISWELL, C. J.    This is a petition for partition of a township of land in Aroostook County, described in the petition as follows: "Township No. thirteen (13) in the seventh Range of Townships west of the east line of the State of Maine, excepting the Public Lots, the Township containing twenty-two thousand forty acres, exclusive of the Public Lots which have been set out," and which are described in the petition.

At the hearing before the court at nisi prius, judgment for partition was ordered and commissioners were appointed.    The only question raised by the exceptions, upon which the case comes to the law court, is as to the effect of two deeds offered by the respondent, one from the State Treasurer, attempting to convey land claimed to have been forfeited by the non-payment of taxes, and the other a quitclaim deed to the respondent from the grantee in the first deed.

The position of the respondent is that the petitioners are not entitled to a judgment for partition unless they can show a clear legal title to the proportion of the premises claimed to be owned by them, invoking the rule established where a partition is sought in equity, *Nash* v. *Simpson*, 78 Maine, 142; *Pierce* v. *Rollins*, 83 Maine, 172, although this is, as we have seen, a petition for partition and not a bill in equity brought for partition; and that the deed from the State Treasurer is at least sufficient to raise a doubt as to the title of the petitioners, or to create a cloud upon their title.

A sufficient answer to this position of the respondent is a reference to the description of the premises attempted to be sold and conveyed as forfeited from non-payment of taxes.    The only description contained in this deed is as follows:    "4520 acres in 13, Range 7, W. E. L. S."    The township containing, as we have seen over twenty-two thousand acres exclusive of the Public Lots.    It has been uniformly held in numerous decisions of this court that such a description in a deed is utterly ineffectual to pass any title to any specific tract or acre in the Township or to convey any title whatever. *Larrabee* v. *Hodgkins*, 58 Maine, 412; *Griffin* v. *Creppin*, 60 Maine,

270; *Moulton* v. *Egery,* 75 Maine, 485; *Skowhegan Savings Bank* v. *Parsons,* 86 Maine, 514; *Millet* v. *Mullen,* 95 Maine, 400. A deed with such a description is insufficient to create any doubt or cast any cloud upon the petitioners' title, since a mere inspection of it shows upon its face that it conveyed no title. *Briggs* v. *Johnson,* 71 Maine, 235. The deed from the grantee in this last deed to the respondent contains a similar description and is equally insufficient to pass any title. The ruling of the Judge at nisi prius, that these deeds were ineffectual to pass any title and insufficient to create any cloud upon the petitioners' title, was correct.

*Exceptions overruled.*