[No. 6667. Decided October 29, 1907.]

MARY M. MILLER & SONS, *Appellant*, v. T. W. DANIELS *et al.*, *Respondents*.[1]

TAXATION—DEEDS—DESCRIPTION. Tax foreclosure proceedings and a tax deed describing the property as 25 acres in a certain section are void for uncertainty in the description.

SAME—LIEN FOR TAXES PAID—DESCRIPTION OF PROPERTY. A tax receipt, showing the payment of taxes on property described as 25 acres in a certain section, is too indefinite to entitle the party paying the tax to a lien on any property in the section.

Appeal from a judgment of the superior court for Mason county, Linn, J., entered September 15, 1906, in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action of ejectment. Reversed.

*L. R. Byrne* and *Blaine, Tucker & Hyland*, for appellant.
*Richardson & Wright*, for respondents.

[1]Reported in 92 Pac. 268.

RUDKIN, J.—This was an action to recover possession of the following described real property:

"Commencing at the northwest corner of the southwest quarter of the northwest quarter of section fourteen (14) township twenty (20) north of range three (3) west; running east to a point of intersection with a creek in said section fourteen (14), thence following the course of said creek to the main channel of Swindall's Cove, thence following said cove to the place of beginning, containing about twenty-five (25) acres more or less. The said line commencing at the northwest corner of the southwest quarter of the northwest quarter of section fourteen (14) runs east about eighty (80) rods to said creek, in Mason county, state of Washington."

The defendants had judgment below, and the plaintiff appeals.

The appellant has shown a clear title to the property and a right to the recovery thereof, unless its title was devested by certain tax proceedings in the superior court of Mason county to be presently noted. On the 31st day of January, 1898, there was issued to Mason county, by the county treasurer thereof, a certificate of delinquency for certain real property in that county, in which the name of the person to whom the property was assessed was designated as Mary M. Miller, and the property described as "25 A. in Sec. 14 Twp. 20 Range 3, Acres 25, year, 1894." On the 7th day of November, 1901, this certificate was filed in the office of the clerk of the superior court of Mason county, and all subsequent proceedings in that court, including the application for tax judgment, the published notice to unknown owners, the tax judgment, the notice and return of tax sale, and the tax deed, contained the same imperfect description of the property.

It should require neither argument nor citation of authority to show that these tax proceedings are absolutely void. The only description of the property is 25 acres in section 14, which presumably contains 640 acres. If the tax deed is a bar to the present action, we perceive no reason why it should not likewise bar an action for the recovery of any other 25

acres contained in this section. There is no dissent from the rule that a description which merely designates the land conveyed as a portion of a larger tract, without greater certainty as to the identity of the particular part conveyed, is fatally defective. *Ronkendorff v. Taylor*, 4 Peters 349, 7 L. Ed. 882; *Cooper v. Lee*, 59 Ark. 460, 27 S. W. 970; *Rhodes v. Covington*, 69 Ark. 357, 63 S. W. 799; *Powers v. Sawyer*, 100 Me. 536, 62 Atl. 349; *Armstrong v. Hufty* (Ind.), 55 N. E. 443; *Shackelford v. Bailey*, 35 Ill. 387; *Brickey v. English*, 129 Ill. 646, 22 N. E. 854; *Poindexter v. Doolittle*, 54 Iowa 52, 6 N. W. 136; *Griffith v. Utley*, 76 Iowa 292, 41 N. W. 21; *Ellsworth v. Nelson*, 81 Iowa 57, 46 N. W. 740; *Cornoy v. Wetmore*, 92 Iowa 100, 60 N. W. 245; *Roth v. Gabbert*, 123 Mo. 21, 27 S. W. 528; *Peck v. Mallams*, 10 N. Y. 509; *Lafferty's Lessee v. Byers*, 5 Ohio 458; *Winkler v. Higgins*, 9 Ohio St. 599; *Humphries v. Huffman*, 33 Ohio St. 395; *Head v. James*, 13 Wis. *641.

It follows, therefore, that the tax proceedings and tax deed were utterly void and constitute no defense to this action. At the trial a tax receipt was offered in evidence tending to show that the appellant paid the taxes for the year 1894 on a certain 25 acres in section 14, but there is no more certainty in the description in this receipt than in the other tax proceedings, so that it is impossible for us to say that the taxes were paid on this particular tract; but for the reasons already stated, the judgment of the court below is reversed, with directions to enter judgment in accordance with the prayer of the complaint.

HADLEY, C. J., FULLERTON, ROOT, DUNBAR, CROW, and MOUNT, JJ., concur.