**MONBEL CO., Plaintiff-Appellant, v STERLING COAL & COKE CO., Defendants-Appellees.**

Ohio Appeals, Seventh District, Monroe County.

No. 319. Decided May 26, 1947.

458

George C. McKelvey, St. Clairsville, for plaintiff-appellant.
F. W. Ketterer and W. D. Richner, Woodsfield, for defend-ants-appellees.

**OPINION**

By PHILLIPS, J.

Plaintiff, an Ohio corporation, specially demurred to the answer of defendants William Pontius, Emma L. Pontius, Clara

B. Pontius and John Pontius, filed on the ground "that said defenses did not accrue within twenty-one years next before this action was begun", in an action commenced in the court of common pleas seeking to quiet its title as against defendants' claim to a mortgage interest in lands situated in Monroe County, Ohio, allegedly acquired by plaintiff on June 5, 1944, "by virtue of an auditor's deed under a delinquent land tax sale conducted and had under and by virtue of the laws of the State of Ohio", of which it is the alleged owner and is in possession.

- In the first defense of their answer the named defendants alleged they had "no interest in the lands described in the petition, except in tract five thereof"; admitted their alleged claimed interest in such lands "by reason of a certain mortgage deed"; admitted "the Sterling Coal and Coke Company was the former owner of said premises"; and denied "each and every allegation in said petition contained, and not herein expressly admitted, and say that the same are untrue".

In the second, third and fourth defenses of their answer defendants respectively alleged as follows:—

"SECOND DEFENSE:—

For a second defense to said petition, these answering defendants say that on or about the 10th day of November 1913 they sold the Coal and Mining Rights in and under the lands described as Tract Five in said Petition to William L. Gans, Trustee, for the sum of Four Thousand Five Hundred and Eighty Eight ($4588.56) and 56/100 Dollars, of which one third thereof was paid in cash, and the remainder, in two equal payments, due respectively, in one and two years from date, were secured by a mortgage on said premises; that thereafter, by a proceeding in the Monroe County, Ohio, Court of Common Pleas, said Trust Estate in the said William L. Gans was terminated and said title became vested in the real owner, to wit: The Sterling Coal and Coke Company; that there remains unpaid on said mortgage the last payment provided therein, to wit, the sum of Fifteen Hundred and Twenty Nine and 52/100 ($1529.52) Dollars and Interest.

"These Answering Defendants say that said Mortgage Deed was refiled in the office of the Recorder of Monroe County, Ohio, on September 17th, 1946, in compliance with the provisions of §8546-2 GC of Ohio and that the same was and is a good and valid lien against said premises.

"THIRD DEFENSE:—

These Answering Defendants aver that said pretended delinquent Coal lands Tax Sale of the 5th day of June 1944,

by which Plaintiff claims to have acquired title to said lands, is null and void for the reason that said lands were advertised as being located in Salem Township, in said county, when, in truth and fact, the same are located in Adams Township, in said county and, by reason thereof, these defendants had no actual notice or knowledge, nor were they chargeable with constructive notice of said sale and were illegally deprived of the opportunity to protect their interests in said lands at said sale.

"FOURTH DEFENSE:—

For a Fourth Defense these Defendants say that by reason of the omissions, irregularities and illegalities in said Sale as hereinbefore set forth, they have been deprived of valuable property rights in said lands without due process of law, and, for that reason, Plaintiff should not be given the relief prayed for in the Petition as to Tract Five thereof."

Defendants concluded their answer with a prayer that:—

"* * * the Petition of Plaintiff as to Tract Five, therein, may be dismissed; that the Defendants go hence with their costs and that they have such other relief to which they may be entitled."

The trial judge overruled plaintiff's demurrer on December 20, 1946, and on December 26, 1946, the following supplemental journal entry was filed:—

"This day came the Plaintiff in open court by counsel and expressing a desire not to plead further to the Answer of William Pontius and others, the allegations contained in said Answer are confessed by the Plaintiff to be true and final judgment is hereby entered for William Pontius, Emma, L. Pontius, Clara B. Pontius and John Pontius.

"The Court further find that the Plaintiff has no interest in Tract Five (5) as described in the Petition and further find that the defendants, William Pontius, Emma L. Pontius, Clara. B. Pontius and John Pontius have a valid and subsisting first mortgage on said Tract Five (5) in the sum of $1529.52 with interest at 6% from November 10, 1915, and that said Mortgage having been refiled on September 17, 1946, said Mortgage became re-established for an additional period of 21 years within which time a plea in bar by reason of the Statute of Limitations will not be available."

"To all of which the Plaintiff by its counsel excepts."

On the same day plaintiff appealed to this court on questions of law and fact "from the judgment rendered by the common pleas court in the above entitled cause on the 20th day of December, 1946", which was not a final order. However, it is apparent to us that counsel for plaintiff intended to appeal from the judgment of the court of common pleas entered, journalized by supplemental journal entry and filed in that court on December 26, 1946, and plaintiff's notice of appeal stands amended accordingly.

Even though plaintiff appealed on questions of law and fact its counsel assigned three grounds of error upon which it seeks to reverse the judgment of the court of common pleas. Of course, plaintiff's appeal will be considered and determined as one on questions of law and fact and plaintiff's demurrer treated as through filed in this court.

Plaintiff filed a reply in this court without leave on January 6, 1947, and during oral argument on appeal obtained and was granted leave to file such a pleading in this court, but subsequently in open court in Belmont County asked and was granted leave to withdraw such reply.

In the absence of intervening rights defendants could have refiled their mortgage any time after November 10, 1936, and re-established it for a twenty-one year period or for twenty-one years after the stated maturity of the debt whichever be the longer period. See § 8546-2, GC.

If the land tax sale of June 5, 1944, to plaintiff was a valid sale plaintiff is entitled to have title in the land under discussion quieted in it. Accordingly, we must determine first, if we can upon the pleadings, whether such sale was a valid sale and answer the question asked by counsel for plaintiff by brief "in other words was the plaintiff's demur to the defendant's answer on the grounds of the Statute of Limitations a good demur? (sic)".

Plaintiff's special demurrer to defendant's answer admits as true every well pleaded allegation of their answer to which it is directed, among which is the allegation that such land was advertised for sale, and we assume from the arguments of counsel for the respective parties was sold, as situated in Salem Township, Monroe County, Ohio, when as alleged by plaintiff in its petition it was situated in Adams Township, such county and state.

As alleged by answer defendants claim that by reason of such claimed faulty advertisement and sale of such land they had no actual knowledge thereof and that such sale is invalid.

"The law, in requiring an advertisement of the sale, has

**462**

the double object in view, to apprise the owner that the tax is unpaid, and to invite the attention of purchasers in such manner that the land may be sold for its fair market price. To attain these objects, it is necessary that the description should be such that the owner may know that the tax on his land is unpaid, and that purchasers may know or learn the precise tract intended, and be enabled to estimate its actual value." **Lafferty's Lessee v Daniel Byers, 5 Ohio 458-459.**

We cannot determine from the pleadings whether the auditor of Monroe County strictly complied with the requirements of §5754 GC, which he was bound to do, and which prescribes a form for him to follow in coal land tax sales, but do determine from what is before us that his omission and failure to advertise in such proceedings the correct description of the land he deeded to plaintiff constituted an irregularity in such sale which defendant could set up as a defense to plaintiff's action to quiet its title in such lands in support of which defense upon hearing of this case upon its merits defendants would have to introduce evidence.

Sec. 5762-1 GC, barring defendants setting up a defense to question the validity of plaintiff's title unless such defense is set up within one year after plaintiff's deed was filed for record, or one year after the effective date of this section (8-11-43), which ever is the longer, is inapplicable in this case for the reason that there is nothing before us indicating when plaintiff's deed was filed for record.

"Title may be quieted against the holder of a tax deed embodying a description of the land sold which is so indefinite as to render void the proceedings of the forfeited land sale upon which the deed is based." Ella Simpson Powers v William Henning et al, 26 O. C. C. (n. s.) 237.

From what we learn from the pleadings it is our opinion that the advertised description of the land in question constituted an informality, irregularity and omission in such proceedings, was insufficient (to meet the strict statutory requirements governing such sale), and was not such as to promote a fair sale.

It is therefore ordered, adjudged and decreed that plaintiff's demurrer to defendants' answer be and the same hereby is overruled, and plaintiff is granted not to exceed thirty days from the filing of the entry journalizing this finding in which to plead.

Having reached the conclusion announced we deem it unnecessary to answer specifically the other unanswered questions raised by plaintiff by brief or in oral arguments.

An entry drawn in accordance with this finding may be presented.

CARTER, PJ, NICHOLS, J, Concur in Judgment.