No. 81-184

IN THE SUPREME COURT OF THE STATE OF MONTAN

1982

---

GERALD P. YETTER,

Plaintiff and Appellant,

vs.

GALLATIN COUNTY; RUTH B. STUCKEY,
Gallatin County Treasurer; LUCILLE
BRIDGES, et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Allen McAlear argued and Lawrence Swenson argued,
Bozeman, Montana

For Respondents:

Donald E. White, County Attorney, Bozeman, Montana
Berg, Coil, Stokes & Tollefsen, Bozeman, Montana
Ben E. Berg argued, Bozeman, Montana

For Amicus Curiae:

Honorable Mike Greely, Attorney General, Helena, Montana

---

Submitted: March 1, 1982

Decided: May 17, 1982

Filed: **MAY 17 1982**

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Gerald Yetter filed an action in the Eighteenth Judicial District, in and for Gallatin County, to annul a tax deed. Lee McDonald, the tax deed purchaser, was granted summary judgment, and Yetter appeals.

The controversy in this case centers around the 400-acre Great Springs Ranch located on the edge of Lake Hebgen. Gerald Yetter (hereinafter "owner") has owned the ranch since 1960. In 1975 he leased the ranch and moved to Idaho. His forwarding address at the post office expired in 1976.

The owner failed to pay taxes from 1975 through 1978, and on July 19, 1979, Lee McDonald (hereinafter "purchaser") purchased the one million dollar ranch for $4,085.79 in back taxes. The county treasurer issued the purchaser an assignment of the tax sale certificates on that date.

On July 3, 1979, the purchaser mailed a notice of application for tax deed to the owner's expired West Yellowstone post office box. The same notice was published for two weeks commencing August 14, 1979.

A tax deed was issued by the county treasurer on October 15, 1979, based on the purchaser's affidavit of service of notice of application for tax deed.

A claim of tax title was published by the purchaser on October 17 and 24, 1979, pursuant to section 15-18-403, MCA.

In the instant case the owner had no notice whatsoever that his ranch was being sold for taxes. A friend, however, saw the last public notice in the paper and notified the owner.

The owner went to the county treasurer's office on

November 15 or 16 to redeem his property. The county treasurer had to calculate the total amount due and could not do it that day. Therefore, the owner gave the county treasurer a blank check, good for a sum not to exceed $5,000, and asked the treasurer to complete it for the amount necessary to redeem his property.

The owner's checking account contained $4,442.18. The actual amount due was approximately $4,270. However, the county treasurer included taxes due on other lands that the owner had sold, which brought the tax total to $4,885.63. Thus, the owner's account had insufficient funds to cover the check, and the period for redemption expired. The owner then deposited $4,300 with the court and filed suit to annul the tax deed.

The property description used by the county treasurer and the tax deed purchaser was an abbreviated description prepared by and for the use of the county tax assessor. The description does not indicate in which portion of a large tract of land the ranch is located. Yet, this description was used in the county treasurer's records, the treasurer's certificates of tax sale, the treasurer's assignment of duplicate certificates of tax sale to the purchaser, purchaser's notice of application for the tax deed and his affidavit of notice of application for tax deed, the tax deed itself, and the notice of claim of tax title.

The sole issue considered is: Was the description of the real property deficient?

The description of the real property used in the tax sale proceedings is as follows:

"Pt. SE4 less 1.2A tr. in N2SE4 and tr. in S2SW4NE4 - Sec. 12, Twp 12S, Rge 4E.

"W2SE4, Pt. SW4 less 9.79A and SW4NW4, NW4SW4 less R-W and tr. H subject to flood rights - Sec. 7, Twp 12S, Rge 5E.

"NW4NE4, NE4SE4NW4 with 9.6A also assessed to Montana Power under flood rights - Sec. 18, Twp 12S, Rge 5E."

The description in the instant case is too vague to adequately identify the land in question, and therefore, the description is fatally defective. See, Miller v. Murphy (1946), 119 Mont. 393, 175 P.2d 182; Mary M. Miller & Sons v. Daniels (1907), 47 Wash. 411, 92 P. 268. Cf., Komadina v. Edmondson (1970), 81 N.M. 467, 468 P.2d 632.

The notice of publication under section 15-18-403, MCA, was deficient. Section 15-18-403(2), MCA, provides that the published "notice of claim of a tax title" shall set forth a description of any property claimed. As noted above, the property description used is void for vagueness. Thus, the purchaser also has failed to meet the requirements of section 15-18-403(2), MCA.

Several other issues have been raised in this appeal, including the constitutionality of section 15-18-403, MCA. However, the tax deed is void, so we need not reach the remaining issues.

Reversed and remanded. The District Court shall cancel the tax deed.

John Conway Harrison
Justice

-4-

We concur:

_____
                Chief Justice

_____

_____

_____

_____

_____
                Justices