No. 82-380

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

JAMES E. EDWARDS AND GERALD A.
STERNAD,

       Plaintiffs and Respondents,

  -vs-

JAMES B. WALTERS AND ALICE E. FLAGER
as County Treasurer of Madison County,
Montana,

       Defendants and Appellants.

---

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Madison, The Honorable
Frank Blair, Judge presiding.

Counsel of Record:

    For Appellants:

        Jenkins Law Firm; Kelly A. Jenkins argued, Helena,
        Montana

    For Respondents:

        Chester Lloyd Jones argued, Virginia City, Montana
    (Constitutional Question)
        Hon. Mike Greely, Attorney General, Helena, Montana

---

                  Submitted:    April 19, 1983

                     Decided:    June 14, 1983

Filed:  **JUN 14 1983**

*Ethel M. Harrison*

---
                         Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant (Walters) appeals from a summary judgment in the Fifth Judicial District, Madison County; finding void a tax deed to Walters in 1981; declaring plaintiffs (Edwards and Sternad) entitled to redeem and have title to the property sold to Walters; and barring Walters from asserting any claim to the property.

Edwards and Sternad are the alleged successors to J & J Enterprises, the partnership taxed on Lot 52 of the Shining Mountain Unit III Subdivision. The taxes on the property were delinquent. The County Treasurer of Madison County issued a certificate of tax sale on July 19, 1978. (This certificate was eventually assigned to Walters on May 6, 1981.)

Walters posted the property, advertised in The Madisonian, the local newspaper and alleges that he sent a certified letter to J & J at its last known address, all more than 60 days prior to his application for tax deed. The property description set out in the complaint is:

"Lot No. 52 of the Shining Mountains (Unit III Sub-division, the plat of which is of record in the office of the Recorder of Madison County, Montana, in Book 4 of Plats, pages 58-63."

The published notice provides:

"Notice is hereby given that the undersigned will on the 19th day of July, apply to the county treasurer of Madison County for a tax deed to the following described property, to wit:

"Clay Sub-lot 3, 35-4S1W
"Amount, $115.20
"S.M. Unit 3, Lot 52,
"Amount due, $330.35

  "(s)  James Walters

"(Pub. May 7, 14, 1981)                    jw"

- 2 -

The affidavit of proof of service of notice, required to be submitted to the county treasurer, stated in part:

> "Notice of Application for Tax Deed on the following described property, to-wit:

> "Shining Mountains Unit 3, 35, Twsp 45, Rg.1W was served on J & J Enterprises, record owner of said land, by placing a copy of said Notice in a certified letter addressed with the last known mailing address . . . on _____ which date was sixty (60) or more days prior to the date of application for the Tax Deed on said property; . . ."

Walters did not file a return receipt with the county treasurer to show that a certified letter had been received by Edwards and Sternad. In their complaint, Edwards and Sternad assert that Edwards spoke with Walters on the telephone and that in this conversation Edwards informed Walters that he intended to pay the taxes owing. They further assert that Walters assured them that he would not pursue the tax deed proceedings. Edwards and Sternad did not pay the taxes, they say, in reliance upon Walter's statement. On August 25, 1981, Walters paid $227.95 for taxes then due and received a tax deed to the property. Walters filed notices and affidavits of his claim to tax title.

On May 5, 1982, Edwards and Sternad tendered payment of $305.77 for the overdue taxes. On May 7, 1982, the County Treasurer refused the payment. The money was then deposited with the Clerk of Court. On May 10, 1982, Edwards and Sternad filed a complaint against Walters and the Madison County Treasurer. The Treasurer was later dropped from the action.

In their complaint Edwards and Sternad allege that the time for redemption of the property had not expired because: (1) the tax deed was wrongfully issued and inadequately

noticed, and (2) Edwards and Sternad relied on Walter's statement that he would not seek the tax deed.

Edwards and Sternad moved for summary judgment alleging errors in Walter's tax deed application procedure. They also assert that the tax deed curative statute, section 15-18-203, MCA, permits a taking notwithstanding the procedural defects in Edward's application, and so is unconstitutional.

Walters failed to file affidavits or a brief in opposition to the motion for summary judgment. The District Court, after hearing arguments of counsel, granted the motion on August 25, 1982.

ISSUES

1. Whether the District Court correctly granted summary judgment in favor of Edwards and Sternad upon finding no genuine issue of material fact.

2. Whether the errors and omissions in the tax deed proceeding were sufficient to deny the County Treasurer jurisdiction to issue the tax deed.

3. Whether the curative statute providing for alternative notice, section 15-18-403, MCA, effectively allows a deprivation of property without due process of law.

I. SUMMARY JUDGMENT PROCEDURE.

Walters argues the District Court improperly granted summary judgment in this case because, he asserts, there are material questions of fact present in this case. He asserts that Edwards and Sternad are alleged in the complaint to be the current owners and that J & J Enterprises was the only record claimant of adverse interest to Walters for the period involved; but neither Edwards, Sternad or J & J Enterprises is alleged in the complaint as having been one entitled to

- 4 -

notice by mail or publication pursuant to sections 15-18-202(2),(3) MCA.

Section 15-18-202(2), MCA, provides:

"Notice of any owner, mortgagee or assignee of mortgagee shall be given by registered or certified letter addressed to such mortgagee or assignee at the post office address of said owner, mortgagee or assignee as disclosed by the mortgage record . . . ."

J & J Enterprises was the record owner of the property. In his Affidavit of Service of Notice of Application for tax deed Walters claims he sent notice to J & J Enterprises, who was required to receive notice pursuant to the statute.

Furthermore, Walters published notice pursuant to section 15-18-202(3) which provides for notice to unknown owners.

These statutes do not require that persons show they are entitled to notice but require notice be provided the record owner; which was done in this case and not contested by Edwards and Sternad.

Furthermore, Walters did not file any documents in the District Court to support his contention that there were material questions of fact.

Rule 56(e), M.R.Civ.P. provides in part:

"...When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleadings."

Summary judgment is appropriate when the moving party shows a complete absence of genuine issue of material fact; and when the defendants fail to come forward with evidence of genuine issue of material fact. Willson v. Taylor (1981), ___ Mont. ___, 634 P.2d 1180, 1184, 38 St.Rep. 1606.

J & J Enterprises was the owner of record of the real property prior to the issuance of the tax deed. This fact

was alleged in the complaint and admitted by Walters in his answer. Edwards and Sternad assert in their complaint that they are the successors in interest to J & J Enterprises. Walters denies this allegation for lack of knowledge but Walters failed to come forward with his own affidavits in dispute of Edward and Sternad's averments.

For these reasons, summary judgment was properly granted.

II. ERRORS AND OMISSIONS IN THE TAX DEED PROCEEDINGS.

Edwards and Sternad contend the errors in the published notice are: (1) an overstatement of the amount necessary to redeem the property by over $100.00; (2) failure of the notice to give a complete date as to time for redemption (no year); and (3) an incomplete and vague description of the property.

They further contend the errors in the Affidavit of Service of Notice of Application for Tax Deed, required to be filed pursuant to section 15-18-204, MCA, are: (1) an insufficient date upon which the certified letter of notice was mailed (no date appeared on the affidavit); (2) an overly broad description which fails to adequately identify the property; (3) no support of proof of service of notice as required by section 15-18-202(1), MCA; and, (4) fails to demonstrate that the information required in a mailed notice was in fact included in the notice as required under section 15-18-202(1), MCA.

They assert that the documents filed and notice provided by Walters were so fatally defective as to deny the county treasurer jurisdiction to issue the tax deed.

Section 15-18-202, MCA, provides:

"Notice of application for tax deed. (1) The purchaser of property sold for delinquent taxes or his assignee must, at least 60 days previous to the expiration of the time for redemption or at least 60 days before he applies for a deed, serve upon the owner of the property purchased, if known, and upon the person occupying the property, if the said property is occupied, and if the records in the office of the county clerk and recorder show an unreleased mortgage or mortgages upon the property purchased upon the mortgagee or mortgagees named in said mortgage or mortgages or if assigned, upon the assignee or assignees of said mortgage or mortgages, a written notice stating that said property or a portion thereof has been sold for delinquent taxes, giving the date of sale, the amount of property sold, the amount for which it was sold, the amount due, and the time when the right of redemption will expire or when the purchaser will apply for a tax deed. The owner of the property or the mortgagee or the assignee of said mortgagee has the right of redemption indefinitely, until such notice has been given and the deed applied for, upon the payment of fees, percentages, penalties, and costs required by law.

"(2) Notice of any owner, mortgagee, or assignee of mortgagee shall be given by registered or certified letter addressed to such mortgagee or assignee at the post office address of said owner, mortgagee, or assignee as disclosed by the mortgage records in the office of the county clerk and recorder. In case of unoccupied property or a mining claim, such notice must be by registered or certified mail deposited in the post office, addressed to any known owner residing in or outside of said county, with the postage thereon prepaid, at least 60 days before the expiration of the time for redemption or at least 60 days before the purchaser applies for such tax deed, in addition to notice to the mortgagee or assignee of mortgagee in the manner and as hereby is provided.

"3. In all cases where the post office address of the owner, mortgagee, or assignee is unknown, the applicant shall publish once a week for 2 successive weeks in a newspaper published in the county where the property is situated a notice substantially in the following form:

"Notice of Application for Tax Deed

"Notice is hereby given that the undersigned will on the _____ day of _____, 19___, apply to the county treasurer of _____ county for a tax deed to the following described property, to wit:
"(Describe property)

"(Amount due $_____ Date _____
_____(Applicant)

- 7 -

"(4) The first publication of such notice must be made at least 60 days before the date of redemption or application for said deed.

"(5) In all cases due proof of service of notice in whatever manner given, supported by the affidavit required by law, must be filed immediately with the clerk and recorder of the county in which the property is situated and be kept as a permanent file in his office, and such proof of notice when so filed shall be prima facie evidence of the sufficiency of the notice."

Section 15-18-204, MCA, provides:

"Affidavit of notice. No deed of the property sold at a delinquent tax sale shall be issued by the county treasurer to the purchaser of the property until the proof of service of notice of application for tax deed has been filed with the county clerk and recorder as required by 15-18-202. Such purchaser is entitled to receive the sum of $3 for the service of said notice and the making of said affidavit required by 15-18-202, which sum of $3 must be paid by the redemptioner at the same time and in the same manner as other costs, percentages, penalties, and fees are paid."

When Walters filed his affidavit of proof of service of notice as required by section 15-18-204, MCA, he neglected to state when a certified letter containing the notice was mailed. It merely stated that it was mailed "on _____ which date was sixty (60) or more days prior to the date of application for a Tax Deed on said property." No supporting documents showing due proof of service of notice were filed with the affidavit.

This Court has held that:

"The requirements of the statutory law must be fully met in order to cut off the right of redemption and where, as here, the record shows a glaring omission to comply with those requirements, the right of redemption is not cut off. The affidavit filed with the county treasurer must be explicit. The county treasurer has no authority to indulge in any presumption with regard thereto. Nothing can be read into it that does not plainly appear therein. The provisions of the statute are mandatory and absolute and any failure to comply with statutory requirements relative to the affidavit of service will void the tax deed subsequently issued." Lowrey v. Garfield County (1949), 122 Mont. 571, 583, 208 P.2d 478, 485.

- 8 -

The statute requires that proof of service of notice of application for tax deed be filed in accordance with section 15-18-202, MCA, which was not done in this case.

From the record before us it is apparent that the treasurer of Madison County could not have known from the document filed that notice was properly given or given at all.

The affidavit is also alleged to contain a faulty property description by omission of the lot number, therefore rendering it insufficient.

The affidavit sets out the description as: Shining Mountains, Unit 3, 35, Twsp 4S, Rg 1W.

This court has determined that when the property description is too vague to adequately identify the land in question; the description is fatally defective. Yetter v. Gallatin County (1982), _____ Mont. _____, 645 P.2d 941, 39 St.Rep. 905, 907.

Walters also published notice of application for tax deed in The Madisonian on May 7 and 14, 1981. In this notice, the taxes declared to be due were overstated by over $100.00, the notice failed to give the year of the application for tax deed. It also contained a vague property description by designating Shining Mountain as S.M. Such a description would not necessarily put one entitled to notice on inquiry and is therefore vague.

For validation of his notice procedures Walters relies on section 15-18-205(2), MCA. It provides:

"(2) A tax deed executed in the form as provided in this section, when duly acknowledged and proved, is prima facie evidence that:

"(a) the property was assessed as required by law;

"(b) the property was equalized as required by law;

"(c)   the taxes were levied in accordance with law;

"(d)   the taxes were not paid;

"(e)   notice of tax sale was given and published and property sold at the proper time and place as prescribed by law;

"(f)   the property was not redeemed, and the proper notice of application for deed has been served or posted as required by law;

"(g)   the person who executed the deed was the proper officer;

"(h)   where the real estate was sold to pay taxes on personal property, the real estate belonged to the person laible to pay the tax."

The errors in the notices and affidavit and Walters' failure to file proof of mailing of a certified letter to J & J Enterprises establish that the necessary proof of notice to establish a prima facie showing of proper notice was lacking. Therefore, the presumption does not become effective. Walters is thereby precluded from using the statute to enforce the tax deed.

The effect of these errors and omissions is to deny the county treasurer jurisdiction to issue the tax deed.

This Court has stated that:

"'The law by its terms, gives to the notice the dignity of process of law, and to deprive him of his property, without giving this notice, is to deprive him of his property without due process of law.  The giving of this notice is just as much a prerequisite to the issuance of a tax deed that will bar the right of redemption as the service of a summons is a prerequisite to the entry of a valid judgment.'. . .

"Notice . . . is analogous to process in the courts; and it is well known that a judgment, even so solemn a document as it is, is absolutely void unless the defendant has been served with process . . . provided by law.  Otherwise he is deprived of his property without due process of law.  And a judgment is equally void, where it recites on its face that the defendant has been served with regular process, as any other void judgment, when the judgment roll or the proceedings disclose that the defendant has not been served with process.  A judgment of this character is void, absolutely

- 10 -

void, and can be stricken down at any time. <u>Lowrey</u> 122 Mont. at 581, 208 P.2d at 484.

"The filing of an affidavit which meets with the statutory requirements is jurisdictional. Without such affidavit the treasurer is wholly lacking in power and authority to issue the deed.. . . The statute requiring what notice shall be given and the filing of the affidavit are a limitation upon the power of the county treasurer to issue a tax deed and render void any deed issued by him unless and until the statutory requirements have been fully complied with. His authority to execute the deed must be shown in and appear upon the face of the affidavit. The giving of the notice is jurisdictional and unless the requirement of the law in respect to such notice is complied with and that fact established by the affidavit filed with the county treasurer the tax deed may not legally issue.. . . The legislature may not do away with due process and notice and it is powerless to enact valid legislation exempting a tax deed from attack for failure to comply with the requirements of a jurisdictional nature constituting the necessary prerequisites to the validity of the tax deed." Id at 580, 208 P.2d at 484.

The defects in the affidavit of notice of service given to the county treasurer and the defects of the published notice are of such a nature as to preclude the county treasurer from issuing the tax deed for lack of jurisdiction.

Walters attempts to argue that actual notice on the part of Edwards and Sternad precludes them from arguing lack of proper notice. When discussing the predecessor to section 15-18-202, MCA, this Court stated:

"Some contention is made that actual knowledge of the proceedings by the plaintiff bars him from relief. The record does not disclose that the plaintiff had the knowledge required to be given him by section 2209; and, furthermore, it is the notice given by the applicant, as required by the statute, which is controlling. Therefore there is no merit in this contention." Kerr v. Small (1941), 112 Mont. 490, 494, 117 P.2d 271, 273.

Walters is therefore precluded from asserting actual knowledge of Edwards and Sternad as a defense to improper notice procedures under the tax deed statutes.

From the foregoing it is apparent that the tax deed issued by the county treasurer is void. Since the deed itself is void we need not address the constitutionality of section 15-18-403, MCA.

The summary judgment of the District Court is affirmed in all respects.

_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
                Justices